**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-TMD |
|  | § |  |
| Debtor | § |  |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL**
**ORDERS (I) AUTHORIZING THE DEBTOR TO (A) PAY CERTAIN**
**PREPETITION WAGES, BENEFITS AND OTHER COMPENSATION,**
**AND (B) CONTINUE EMPLOYEE COMPENSATION**
**AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Loadcraft Industries, Ltd. ("***Debtor***")  (files this motion (this "***Motion***") pursuant to sections 105(a), 363(b), 507(a), 1107(a), and 1108 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "***Interim Order***") and **Exhibit B** (the "***Final Order***," and together, the "***Proposed Orders***"), (i) authorizing the Debtor to (a) pay certain prepetition wages, benefits and other compensation, and (b) continue employee compensation and (ii) granting related relief:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On December 30, 2021(the "***Petition Date***"), the Debtor commenced its case under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Case***"). The Debtor is operating its business

and managing tits property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case, and no committees have been appointed or designated.

3.      The Debtor operates a business that provides design, manufacturing and workover of drilling rigs, as well as repair services.  The Debtor employs workers to provide these services in the ordinary course of its business.

## RELIEF REQUESTED

4.      The Debtor requests entry of the Proposed Orders authorizing it to (i) pay, in its discretion, prepetition amounts required under or related to Employee Compensation, Deductions and Payroll Taxes, and Employee Benefits (each as defined below and together with all fees, costs, and expenses incident thereto, including amounts owed to third-party administrators, the "***Employee Obligations***") as set forth herein; and (ii) maintain, and continue honoring and paying, in their discretion, all amounts with respect to the Employee Obligations as such were in effect as of the commencement of this Chapter 11 Case and as such may be modified, amended, or supplemented from time to time in the ordinary course of business, including amounts owed to third-party administrators.

5.      To enable the Debtor to carry out the relief requested, the Debtor also requests that the Court authorize all applicable banks, financial institutions to receive, process, honor, and pay all checks presented for payment and all electronic payment requests made by the Debtor relating to the Employee Obligations, whether such checks were presented or electronic-payment requests were submitted prior to or after the date hereof.

6.     A summary of the requested relief is set forth below.

| Requested Relief | |
|---|---|
| Wages (gross) | $33,391.51 |
| Unemployment, SS, Medicare | $2,754.79 |
| Payroll Taxes | $2,107.00 |
| **Total Prepetition Amount** | **$38,253.30** |

## THE DEBTOR'S EMPLOYEE OBLIGATIONS

7.     In the ordinary course of business, the Debtor relies on the services of employed personnel (each, an "***Employee***") to conduct the operations of its business. There are 38 Employees that are owed prepetition wages that ae the subject of this Motion.   As of the Petition Date, the Debtor employs Employees on full-time, part-time, and per required need bases. In the ordinary course of business, the Debtor pays Employees, among other things, salary, expense reimbursements, and certain other forms of compensation and benefits described herein, depending on the services provided by the Employee to the Debtor.

**A.     Employee Compensation**

8.     The following summarizes the various types of Employee compensation offered by the Debtor (collectively, the "***Employee Compensation***").

9.     <u>Employee Earnings.</u> In the ordinary course of business, Employees generally are paid on a weekly basis, one week in arrears.

10.     <u>Holidays/Paid Time-Off and Leaves of Absence.</u> The Employees are eligible for paid time away from work based on the Employee's length of service. These absences include holidays, personal illness, family illness, personal days, and vacation (collectively, "***Paid Time Off***"). Paid Time Off can be carried over from year to year up to a maximum number of hours, depending on an Employee's length of service. The Debtor anticipates that certain Employees will seek to use Paid Time Off accrued during the prepetition period after the Petition Date. The Debtor

respectfully requests to honor all unused Paid Time Off that accrued prior to the Petition Date, in accordance with  its historical practices and in the ordinary course of business.

11.     In addition, the Debtor is required by law to withhold amounts related to federal income taxes, as well as Social Security and Medicare taxes for remittance to the appropriate taxing authority (collectively, the "***Withheld Amounts***"). The Debtor is also required to pay additional amounts for federal and state unemployment insurance (together with the Withheld Amounts, the "***Payroll Taxes***"). As of the Petition Date, the Debtor estimates approximately \$8,355.87 in prepetition Payroll Taxes remain outstanding (collectively, the "***Unremitted Payroll Taxes***"). The Debtor requests authority to remit such Unremitted Payroll Taxes and to continue remitting such taxes postpetition in the ordinary course of business.

## BASIS FOR RELIEF REQUESTED

**A.     Payment of the Prepetition Employee Obligations Is Necessary and Appropriate Under the Bankruptcy Code**

12.     Courts generally acknowledge that it is appropriate to authorize the payment or other special treatment of prepetition obligations in appropriate circumstances, such as when necessary to preserve the going concern value of a debtor's business, thus facilitating its reorganization. *See, e.g., In re Lehigh & New England Ry. Co.,* 657 F.2d 570, 581 (3d Cir. 1981) (noting that the "'necessity of payment' doctrine … permit[s] immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid") (citations and internal quotations omitted); *In re Chateaugay Corp.,* 80 B.R. 279, 285-87 (S.D.N.Y. 1987) (finding that a court's equitable powers include the authority to authorize a debtor to pay prepetition debts). In authorizing payments of certain prepetition obligations, courts rely on several legal theories rooted in sections 1107(a), 1108, 363(b), and 105(a) of the Bankruptcy Code.

13.     The Debtor believes that payment of the Employee Obligations is critical to the ongoing operation of the Debtor's business. If the Employee Obligations are not paid, the Debtor will risk tangible and intangible loss of the value of its businesses, including, among other things, losses relating to the cost of replacing Employees who seek alternative employment and losses related to the disruption of, and lower productivity in, the Debtor's business operations resulting from low employee morale and high turnover.

*1.     The Employee Obligations are Entitled to Priority Treatment*

14.     Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code entitle the majority of the unpaid Employee Obligations to priority treatment. To confirm a chapter 11 plan, the Debtor must pay priority claims in full. *See* 11 U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed unsecured claims for (a) wages, salaries, commissions, including vacation, severance and sick leave pay earned by an individual and (b) contributions to an employee benefit plan). Thus, granting the vast majority of the relief sought herein only affects the timing of payments to Employees, and does not negatively impact recoveries for general unsecured creditors. Indeed, the Debtor submits that payment of Employee Obligations at this time enhances value for the benefit of the Debtor and all interested parties.

15.     Amounts that are paid on account of priority claims for Employee Obligations would not otherwise be available for distribution to unsecured creditors. Therefore, no prejudice would be caused to the Debtor's unsecured creditors by permitting priority obligations to be satisfied in the ordinary course of business during the Debtor's Chapter 11 Case rather than at the conclusion of the case pursuant to a plan of reorganization.

*2.     Payment of Certain of the Employee Obligations is Required by Law*

16.     The Debtor also seeks authority to pay the Withheld Amounts and Unremitted Payroll Taxes to the appropriate entities. These amounts principally represent the Employees'

earnings that governments, the Employees, and judicial authorities have designated for deduction from the Employees' paychecks. Indeed, certain deductions and withheld taxes are not property of the Debtor's estate because the Debtor has withheld such amounts from Employees' paychecks on another party's behalf. *See* 11 U.S.C. § 541*; See Begier v. Internal Revenue Serv.,* 496 U.S. 53, 59 (1990) ("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'"); *In re Al Copeland Enter., Inc.,* 991 F.2d 233, 237 (5th Cir. 1993) (providing that the person who collects tax revenues holds them in trust for the benefit of the state); *DuCharmes & Co. v. Mich. (In re DuCharmes & Co.),* 852 F.2d 194, 195-96 (6th Cir. 1988) (noting that "individual officials of an employer who fail to pay over the [federal withholding] taxes that have been withheld are subject to personal liability"). Because the Deductions and Unremitted Payroll Taxes are not property of the Debtor's estate, the Debtor requests that the Court authorize the Debtor to transmit these amounts to the appropriate parties in the ordinary course of business.

      3.    *The Court May Authorize Payment of the Employee Obligations Pursuant to Section 363 of the Bankruptcy Code*

17.    The Court may grant the relief requested herein pursuant to section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under this section, a court may authorize a debtor to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (affirming prior court order authorizing payment of prepetition wages to active employees pursuant to section 363(b) of the Bankruptcy Code); *In re UAL. Corp.,* Case No. 02-48191 (Bankr. N.D. Ill. Dec. 9, 2002) (authorizing payment of prepetition claims under section 363 of the Bankruptcy Code as an out-of-the-ordinary-course transaction). In addition, section

363(c) allows a debtor in possession to enter into transactions involving property of the estate in the ordinary course of business without an order of the court. *See, e.g., Armstrong World Indus., Inc. v. James A. Phillips, Inc.,* 29 B.R. 391, 395 n.2 (S.D.N.Y. 1983) ("Insofar as transactions are actually in the ordinary course, they are authorized automatically by § 363(c)(1) and § 1107(a), and do not require Bankruptcy Court approval.").

18.     The majority of the Debtor's Employees rely exclusively on their compensation, benefits, and reimbursement of expenses to satisfy their daily living expenses and maintain their health and well-being. Consequently, these Employees will be exposed to significant financial difficulties if the Debtor is not permitted to honor obligations for unpaid Employee Compensation. Moreover, if the Debtor is unable to satisfy such obligations, Employee morale and loyalty would be jeopardized at a time when Employee support is critical.

19.     For all of the foregoing reasons, a sound business purpose exists to pay the Employee Obligations. In the absence of such payments, the Debtor believes that its Employees may seek alternative employment opportunities. Such a development would deplete the Debtor's workforce, hinder the Debtor's ability to meet their obligations, and likely diminish creditors' confidence in the Debtor. Moreover, the loss of valuable Employees and the recruiting efforts that would be required to replace such Employees would be a massive and costly distraction at a time when the Debtor should be focusing on continuing to strengthen their operations and succeeding in their reorganization efforts. Accordingly, the Debtor must be able to pursue all reasonable measures to retain the Employees by, among other things, continuing to honor all wages, benefits, and related obligations, including those that accrued prior to the Petition Date.

20.     In addition, because the Debtor pays the Employee Obligations in the ordinary course of business, the Debtor submit that Court approval to continue their existing policies,

programs, and related payments postpetition is not necessary because of the authority granted to them by section 363(c) of the Bankruptcy Code. Nonetheless, for the avoidance of doubt, the Debtor requests that the Court grant the relief requested herein and enter an order authorizing them to pay the Employee Obligations, as consistent with their compensation and other benefit policies and plans, and to permit, but not require, the Debtor, in its discretion, to continue their practices, programs, policies, and plans for their Employees as those practices, programs, policies, and plans were in effect as of the Petition Date, as may be modified, terminated, amended, or supplemented from time to time hereafter.

> 4.    *The Court May Authorize Payment of the Employee Obligations Pursuant to Section 105(a) of the Bankruptcy Code and the Doctrine of Necessity*

21.    The Debtor's proposed payment of the Employee Obligations should also be authorized pursuant to section 105(a) of the Bankruptcy Code and the "doctrine of necessity." Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs,* 98 B.R. at 175. "Under [section] 105 the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor." *In re NVR L.P.,* 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs,* 98 B.R. at *177); accord In re Just for Feet, Inc.,* 242 B.R. 821, 826 (D. Del. 1999) ("To invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is 'critical to the debtor's reorganization.'") (quoting *In re Fin. News Network, Inc.,* 134 B.R. 732, 736 (Bankr. S.D.N.Y. 1991)); *see also In re Eagle-Picher Indus., Inc.,* 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment

of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process."); *In re Chateaugay Corp.,* 80 B.R. at 279 (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

22.  The "doctrine of necessity" or the "necessity of payment" doctrine functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See In re Lehigh & New England Ry. Co., 657* F.2d 570, 581-582 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation of debtor); *In re Just for Feet,* 242 B.R. at 824 ("[C]ourts have used their equitable power under section 105(a) of the Code to authorize the payment of prepetition claims when such payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization."). The doctrine is frequently invoked early in a chapter 11 case. Taken together, the nature of the Employee Obligations, the substantial harm to the Debtor's business that would be caused if those obligations were not honored, the related potential for loss of value in the Debtor's estate, and the fact that a significant portion of the obligations in question relates either to priority wage claims or to funds held in trust for the benefit of Employees, lead to the conclusion that the Employee Obligations fall well within the scope of obligations whose payments may be authorized pursuant to the doctrine of necessity.

23.  Indeed, courts in this district have authorized payment of prepetition employee compensation and benefits as appropriate under section 105(a) of the Bankruptcy Code. *See, e.g., In re TXCO Res. Inc.,* Case No. 09-51807 (Bankr. W.D. Tex. May 21, 2009) (Docket No. 64); *Spectrum Jungle Labs Corp.,* Case No. 09-50455 (Bankr. W.D. Tex. Feb. 5, 2009) (Docket No.

48); *In re OneTravel Holdings, Inc.,* Case No. 06-70085 (Bankr. W.D. Tex. July 10, 2006) (Docket No. 23).

> 5. *The Court May Authorize Payment of the Employee Obligations Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code as a Valid Exercise of the Debtor's Fiduciary Duties*

24.     The Court should also authorize the payment of the Employee Obligations as set forth herein as a valid exercise of the Debtor's fiduciary duties. The Debtor, operating its businesses as debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code, is a fiduciary "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the duties of a chapter 11 debtor-in-possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

25.     Courts have noted that there are instances in which a debtor-in-possession can fulfill its fiduciary duty "only … by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.* The court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.* at 498.

26.     Payment of the Employee Obligations as set forth herein meets each element of the *CoServ* court's standard.  Payment of the Employee Obligations, and, in particular, payment of the Employee Obligations of Physicians, is essential to maintain the continuity of the Debtor's provision of healthcare.  Furthermore, payment of the Employee Obligations as set forth herein will preserve the morale of its vital labor force and prevent undue hardship from arising for many of the Employees.  Therefore, the Debtor submits that they can only meet their fiduciary duties as debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code by paying the Employee Obligations in the ordinary course of business.

**B.      The Debtor Has Sufficient Funds to Make the Payments Requested**

27.     The Debtor represents that it has sufficient cash to pay the amounts described herein in the ordinary course of business by virtue of cash on hand, expected cash flows from ongoing business operations.   Accordingly, the Debtor believes there is little risk that checks or wire transfer requests unrelated to authorized payments would be honored inadvertently, and that all applicable banks and other financial institutions should be authorized and directed, when requested by the Debtor, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the Employee Obligations.

**C.      Similar Relief Has Been Granted by Courts in This District and Neighboring Districts**

28.     Numerous courts have repeatedly recognized the importance of a debtor's employees to its operations and regularly grant relief similar to the relief requested herein. *See, e.g., In re ATP Oil & Gas Corp.,* Case No. 12-36187 (MI) (Bankr. S.D. Tex. Aug. 21, 2012) (Docket No. 136); *In re Spectrum Jungle Labs Corp.,* Case No. 09-50455 (RBK) (Bankr. W.D. Tex. Feb. 5, 2009) (Docket No. 48); *In re Pilgrim's Pride Corp.,* Case No., 08-45664 (DML) (Bankr. N.D. Tex. Dec. 2, 2008) (Docket No. 65)*; In re Scotia Development LLC,* Case No. 07-

20027(RSS) (Bankr. S.D. Tex. Jan. 24. 2007) (Docket 73); *In re The Bombay Co., Inc.,* Case No. 07-44084 (DML) (Bankr. N.D. Tex. Sept. 20, 2007) (Docket No. 64); *In re CEI Roofing, Inc.,* Case No. 04-35113 (HDH) (Bankr. N.D. Tex. May 5, 2004) (Docket No. 42).

**D.**     **The Court Should Authorize Applicable Banks to Honor and Pay Checks Used and Make Other Transfers to Pay the Employee Obligations**

29.     In connection with the relief requested in this Motion, the Debtor requests that the Court authorize (a) all applicable banks and other financial institutions to receive, process, honor, and pay all checks and transfers issued by the Debtor in connection with payment of the claims the Debtor requests authority to pay in this Motion, without regard to whether any check or transfer was issued before or after the Petition Date; (b) all banks and other financial institutions to rely on the representations of the Debtor with respect to whether any check or transfer issued or made by the Debtor before the Petition Date should be honored pursuant to this Motion, and that these banks and other financial institutions shall not have any liability to any party for relying on such representations by the Debtor; and (c) authorize the Debtor to issue replacement checks or transfers, to the extent any check or transfer in relation to the claims the Debtor requests authority to pay in this Motion is dishonored or rejected by the banks and other financial institutions.

## RESERVATION OF RIGHTS

30.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its rights to dispute any claim asserted by an Employee under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed

as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## REQUESTED RELIEF SATISFIES BANKRUPTCY RULE 6003

31.     Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding … a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition …." Fed. R. Bankr. P. 6003(b).

32.     The Debtor submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

33.     To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a).  Furthermore, to implement the foregoing immediately, the Debtor seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the immediate payment of any amounts owing to or on account of Employees is essential to prevent potentially irreparable damage to the Debtor's operations, value, and ability to reorganize. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

## NOTICE

34.     The Debtor has provided notice of the filing of the Motion either by electronic mail, facsimile, overnight mail or regular mail to: (i) the Office of the United States Trustee for the Western District of Texas; (ii) the Debtor's 20 largest unsecured creditors on a consolidated basis; and (iii)  all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013.  Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

35.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

*/s/ Mark C. Taylor*
Eric Taube (Bar No. 19679350)
Mark Taylor (Bar No. 19713225)
William R. "Trip" Nix, III (Bar No. 24092902)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com
        Mark.Taylor@wallerlaw.com
        Trip.Nix@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was served on all persons on the attached list electronically via the Court's

ECF system or via first class mail on January 3, 2022.

*/s/ Mark C. Taylor*
Mark C. Taylor

## SERVICE LIST

**Debtor**
Loadcraft Industries, LP
3811 N. Bridge St.
Brady, TX 76825

**Government Entities**
United States Trustee
Attn: Shane Tobin
903 San Jacinto, Room 230
Austin, TX 78701

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Brown County Appraisal District
403 Fisk Avenue
Brownwood, TX 76801

McCulloch County Appraisal
District
306 W. Lockhart
Brady, TX 76825

**Secured Creditors**
Alphonso Energy LLC
1211 Challenger
Lakeway, TX 78734

**20 Largest Unsecured Creditors**
Toyota Financial Services
P.O. Box 2431
Carol Stream, IL 60132

American Express
P.O. Box 650448
Dallas, TX 75265-0448

T&W Tire
P.O. Box 258859
Oklahoma City, OK 73125-8859

Donald E. Harman Co. Inc.
421 Industrial Dr.
Richardson, TX 75081

Intsel Steel/Triple-S Steel
P.O. Box 301212
Dallas, TX 75303-1212

United Engines
P.O. Box 731594
Dallas, TX 75373-1594

Polyglass Coating
1616 N. Main Street
Pearland, TX 77581

Health Care Service Corp.
P.O. Box 731428
Dallas, TX 75373-1428

Single Source Inc
8141 Gateway Dr
Suite 210
Argyle, TX 76226-5736

Stewart & Stevenson Power
P.O. Box 301063
Dallas, TX 75303-1063

Fox NDE, LLC.
P.O. Box 5088
Abilene, TX 79608

Metals USA
101 E Illinois Ave
Enid, OK 73701

Dell Financial Services
Payment Processing Center
Carol Stream, IL 60197-6547

TMDB Properties, L.L.C.
P.O. Box 469
Brady, TX 76825

Huntland Trucking
P.O. Box 86
Santa Anna, TX 76878

American Block Mfg Co Inc
P.O. Box 301442
Dallas, TX 75303

Willbanks Metals Inc.
1155 N.E. 28th Street
Fort Worth, TX 76106

Hill's Specialty Co Inc
P.O. Box 69070
Odessa, TX 79769

SSAB Swedish Steel
P.O. Box 347354
Pittsburgh, PA 15251-7354

Longhorn Equipment & Supply
2621 Martin Luther King Drive
San Angelo, TX 76903

World of Concrete /Hanley Wood
P.O. Box 612128
Dallas, TX 75261-2128

WPT Power Trans Corp
P.O. Box 8148
Wichita Falls, TX 76307

Xenco Laboratories dba B&A
Laboratores,
P.O. Box 2256
Stafford, TX 77497

Zoro Tools
909 Asbury Dr
Buffalo Grove, IL 60089

Window Operating, Ltd.
1076 US Highway 283
Coleman, TX 76834

## **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-TMD |
|  | § |  |
| Debtor | § |  |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR
TO (A) PAY CERTAIN PREPETITION WAGES, BENEFITS AND OTHER
COMPENSATION, AND (B) CONTINUE EMPLOYEE COMPENSATION
AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[1] for entry of an interim order (this

"***Interim Order***") filed by the above-captioned Debtor pursuant to sections 105(a), 363(b),

507(a)(4)-(a)(5), 1107(a), and 1108 of title 11 of the United States Code (the "***Bankruptcy Code***")

and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***");

and the Court having found that it has jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found

that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found that the relief requested in the Motion is in the best interests of the

Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the

opportunity for a hearing on the Motion was appropriate under the particular circumstances; and

the Court having reviewed the Motion and having considered the statements in support of the relief

requested therein at the interim hearing before the Court (the "***Hearing***"); and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court; and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Motion is granted as set forth herein on an interim basis.

2.      The Debtor is  authorized to pay the Employee Obligations and/or honor their wage

obligations in accordance with its stated policies and in the ordinary course of their businesses,

including amounts owing as of the Petition Date on account of: (a) Employee Compensation and

(b) Deductions and Payroll Taxes, to the extent such payments do not violate the priority cap in

section 507(a)(4) of the Bankruptcy Code, as set forth in the Motion and as provided herein.

3.      Except as otherwise provided herein, the Debtor is authorized to make payments

on account of Employee Obligations in accordance with the Debtor's ordinary course of business

and stated policies, as set forth in the Motion.

4.      The Debtor  is authorized to make payments to applicable third parties from the

Deductions and Payroll Taxes, in accordance with the Debtor's ordinary course of business and

stated policies, as set forth in the Motion.

5.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, including all checks issued prepetition and presented for payment postpetition, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order. The Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable bank or other financial institution.

6.     Nothing in the Motion or this Interim Order, including the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

7.     The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Interim Order, in accordance with the Motion.

8.     The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

10.     The Final Hearing with respect to the Motion shall be held on _____, 2022, at __:__ _.m. prevailing Central Time, at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 332, Austin, Texas 78701. Any objections or responses to the Motion

shall be filed on or before_____, 2022, and served on the parties, as required by the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas.

11.     The Court shall retain jurisdiction with respect to all matters arising from or

relating to the implementation, enforcement and/or interpretation of this Interim Order.

###

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric Taube (Bar No. 19679350)
Mark C. Taylor (Bar No. 19713225)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and*
*Debtor in Possession*

# **EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|                            |   |                        |
|----------------------------|---|------------------------|
| In re:                     | § | Chapter 11             |
|                            | § |                        |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-TMD  |
|                            | § |                        |
| Debtor                     | § |                        |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR**
**TO (A) PAY CERTAIN PREPETITION WAGES, BENEFITS AND OTHER**
**COMPENSATION, AND (B) CONTINUE EMPLOYEE COMPENSATION**
**AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[1] for entry of a final order (this "***Final Order***") filed by the above-captioned Debtor pursuant to sections 105(a), 363(b), 507(a)(4)-(a)(5), 1107(a), and 1108 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***), and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein is

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

040872-18219/4892-9391-8728.1

a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at the interim and final hearings before the Court (together, the "**_Hearing_**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Motion is granted as set forth herein.

2.      The Debtor is authorized to pay the Employee Obligations and/or honor their wage obligations in accordance with their stated policies and in the ordinary course of their businesses, including amounts owing as of the Petition Date on account of: (a) Employee Compensation (b) Deductions and Payroll Taxes; as set forth in the Motion and as provided herein.

3.      Except as otherwise provided herein, the Debtor is authorized to make payments on account of Employee Obligations in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

4.      The Debtor is authorized to make payments to applicable third parties from the Deductions and Payroll Taxes, in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, including all checks issued prepetition and presented for payment postpetition, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Final Order.  The Debtor is authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Final Order and is not cleared by the applicable bank or other financial institution.

6.      Nothing in the Motion or this Final Order, including the Debtor's payment of any claims pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

7.      The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Final Order, in accordance with the Motion.

8.      The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this shall be immediately effective and enforceable upon its entry.

10.      The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Final Order.

###

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric Taube (Bar No. 19679350)
Mark C. Taylor (Bar No. 19713225)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*