IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-tmd |
| | § | |
| Debtor. | § | |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS AUTHORIZING (I) THE DEBTOR TO PAY CERTAIN
PREPETITION VENDOR DEBTS, (II) DIRECTING THE DEBTOR'S BANK
TO HONOR SUCH PAYMENTS, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Loadcraft Industries, Ltd. ("**Debtor**") files this motion (the "**Motion**") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "**Interim Order**") and **Exhibit B** (the "**Final Order**," and together, the "**Proposed Orders**") authorizing (i) the Debtor to pay certain prepetition vendor debts, (ii) directing the Debtor's bank to honor such payments, and (iii) granting related relief. In support of the Motion, the Debtor respectfully represents:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On December 30, 2021 (the "**Petition Date**"), Debtor commenced a case under chapter 11 of the Bankruptcy Code.

3. Prior to the Petition Date, the Debtor issued the following checks totaling approximately $70,858 (the "**Checks**") to the vendors identified in **Table 1** below for goods or services received prior to the Petition Date in the ordinary course of the Debtor's business.

4. The Debtor has established a debtor-in-possession bank account at Regions Bank which currently holds approximately $302,000.

### Table 1

| Payee | Check Date | Amount | Check No. |
|---|---|---|---|
| HYDRADYNE LLC | 12/29/2021 | $207.26 | 43790 |
| GENESIS SYSTEM INC. | 12/29/2021 | $868.00 | 43789 |
| CLEVELAND CITY FORGE FKA EDWARD W DANIEL CO | 12/29/2021 | $1,559.40 | 43788 |
| CITY OF BRADY | 12/28/2021 | $11,896.67 | 43787 |
| RODGERS MACHINING | 12/27/2021 | $780.00 | 43785 |
| AIRGAS USA, LLC | 12/27/2021 | $637.25 | 43783 |
| MOTION INDUSTRIES INC | 12/21/2021 | $2,118.75 | 43779 |
| AIRGAS USA, LLC | 12/21/2021 | $1,000.00 | 43777 |
| SHAWCOR FKA DESERT IND X-RAY | 12/21/2021 | $1,616.00 | 43775 |
| AIRGAS USA, LLC | 12/16/2021 | $819.15 | 43773 |
| FLEETPRIDE HVY DUTY EXPERTS | 12/10/2021 | $274.34 | 43760 |
| HYDRADYNE FKA HYDRAULIC SALES & SERVICE | 12/8/2021 | $269.18 | 43752 |
| D&H RIG SERVICES | 12/3/2021 | $6,000.20 | 43748 |
| HYDRADYNE LLC | 12/2/2021 | $2,082.80 | 43745 |
| LOCATEBALLBEARINGS.COM | 11/30/2021 | $9,765.83 | 43725 |
| HYDRADYNE LLC | 11/30/2021 | $25,932.99 | 43724 |
| AIRGAS USA, LLC | 11/11/2021 | $1,000.00 | 43678 |
| HYDRADYNE FKA HYDRAULIC SALES & SERVICE | 11/9/2021 | $196.79 | 43676 |
| INSTRUMENT MAINT., INC. | 10/20/2021 | $74.35 | 43624 |
| SCOT INDUSTRIES | 9/9/2021 | $3,758.88 | 43504 |

### RELIEF REQUESTED

5. The Debtor requests entry of the Proposed Orders authorizing (but not directing) the Debtor, in its sole discretion, to pay the prepetition amounts owed to certain vendors for prepetition goods or services identified in Table 1 provided to the Debtor prior to the Petition Date. To enable the Debtor to carry out the requested relief, the Debtor requests that the Court authorize

the Debtor to re-deposit sufficient funds in its prepetition bank account to cover the Checks or, alternatively, authorize the Debtor to issue replacement checks for the Checks from its new Regions Bank account.

6. To enable the Debtor to carry out the relief requested, the Debtor also requests that the Court authorize the Debtor's applicable bank to receive, process, honor, and pay all Checks presented for payment, whether such checks were presented or electronic-payment requests were submitted prior to or after the date hereof.

## BASIS FOR RELIEF REQUESTED

A. **A Sound Business Justification Exists To Allow the Payment of These Prepetition Obligations**

7. The Court may grant the relief requested herein pursuant to section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Courts generally acknowledge that, under appropriate circumstances, they may authorize a debtor to pay (or provide special treatment for) certain prepetition obligations. *See, e.g., In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (Bankr. D. Del. 1999) (noting that debtors may pay prepetition claims that are essential to the continued operation of the debtor's business); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (granting the debtor the authority to pay prepetition wages); *Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (Bankr. S.D.N.Y. 1983) (granting the debtor the authority to pay prepetition claims of suppliers who were potential lien claimants). Consistent with a debtor's fiduciary duties, where there is a sound business purpose for the payment of prepetition obligations, and where the debtor is able to "articulate some business justification, other than the mere appeasement of major creditors," courts

have authorized debtors to make such payments under section 363(b) of the Bankruptcy Code. *See, e.g., Ionosphere Clubs*, 98 B.R. at 175 (finding that a sound business justification existed to pay prepetition wages); *In re James A. Phillips, Inc.*, 29 B.R. at 397 (relying upon section 363 as a basis to allow a contractor to pay the prepetition claims of suppliers who were potential lien claimants).

8. The prepetition obligations identified in Table 1 hereto represent obligations for goods or services received by the Debtor prior to the Petition Date. These goods and services were provided by a number of the Debtor's key vendors. If these vendors were to cease doing business with the Debtor, the Debtor's business operations could be jeopardized and the Debtor's ongoing business concern could be put at risk. Allowing the Debtor to pay the amounts to the vendors identified in Table 1 hereto will ensure that these vendors continue doing business with the Debtor and will, therefore, allow the Debtor to continue its daily operations postpetition with as little disruption as possible.

9. For all of the foregoing reasons, a sound business purpose exists to pay the obligations identified in Table herein. In the absence of such payments, the Debtor believes any number of these vendors could cease doing business with the Debtor. Such a development could jeopardize the Debtor's reorganization efforts before they even have a chance to begin. Moreover, the loss of any of these vendors would require the Debtor's management to divert their attention to finding replacement vendors at time when the Debtor's management should be focusing on continuing to strengthen their operations and succeeding in their reorganization efforts. Accordingly, the Debtor should be permitted to pay the vendors in the amounts identified in Table 1 hereto.

B. **The Court Can Authorized the Requested Relief Pursuant to Section 105(a) of the Bankruptcy Code and the Doctrine of Necessity**

10. The Debtor's proposed payment of the vendors in the amounts identified in Table 1 hereto should also be authorized pursuant to section 105(a) of the Bankruptcy Code and the "doctrine of necessity." Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs,* 98 B.R. at 175. "Under [section] 105 the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor." *In re NVR L.P.,* 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs,* 98 B.R. at *177); accord In re Just for Feet, Inc.,* 242 B.R. 821, 826 (D. Del. 1999) ("To invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is 'critical to the debtor's reorganization.'") (quoting *In re Fin. News Network, Inc.,* 134 B.R. 732, 736 (Bankr. S.D.N.Y. 1991)); *see also In re Eagle-Picher Indus., Inc.,* 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process."); *In re Chateaugay Corp.,* 80 B.R. at 279 (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

11. The "doctrine of necessity" or the "necessity of payment" doctrine functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See In re Lehigh & New England Ry. Co., 657* F.2d

570, 581-582 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation of debtor); *In re Just for Feet,* 242 B.R. at 824 ("[C]ourts have used their equitable power under section 105(a) of the Code to authorize the payment of prepetition claims when such payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization."). The doctrine is frequently invoked early in a chapter 11 case. Taken together, the nature of these prepetition obligations, the substantial harm to the Debtor's business that would be caused if those obligations were not honored, the related potential for loss of value in the Debtor's estate, lead to the conclusion that the claims fall within the scope of obligations whose payments may be authorized pursuant to the doctrine of necessity.

**C.     The Debtor Has Sufficient Funds to Make the Payments Requested**

12.     The Debtor represents that it has sufficient cash to pay the amounts described herein in the ordinary course of business by virtue of cash on hand. Additionally, the Debtor can easily identify the payments authorized by the Proposed Orders by the check numbers as all Checks for the requested payments were issued prior to the Petition Date. Accordingly, the Debtor believes there is little risk that checks unrelated to authorized payments would be honored inadvertently, and that the Debtor's bank should be authorized and directed, when requested by the Debtor, to receive, process, honor, and pay the Checks.

**D.     The Court Should Authorize Debtor's Bank to Honor and Pay the Checks**

13.     In connection with the relief requested in this Motion, the Debtor requests that the Court authorize (a) the Debtor's applicable bank to receive, process, honor, and pay the Checks, without regard to whether any check or transfer was issued before or after the Petition Date; (b) the Debtor's applicable bank to rely on the representations of the Debtor with respect to whether any Check should be honored pursuant to this Motion, and that the applicable bank shall not have any liability to any party for relying on such representations by the Debtor; and (c) authorize the

Debtor to issue replacement checks or transfers, to the extent necessary to carry out the relief requested herein.

### REQUESTED RELIEF SATISFIES BANKRUPTCY RULE 6003

14. Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding … a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition …." Fed. R. Bankr. P. 6003(b).

15. The Debtor submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

### REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

16. To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a). Furthermore, to implement the foregoing immediately, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, the immediate payment of any amounts described herein is essential to prevent potentially irreparable damage to the Debtor's operations, value, and ability to reorganize. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

## NOTICE

17. The Debtor has provided notice of the filing of the Motion either by electronic mail, facsimile, overnight mail or regular mail to: (i) the Office of the United States Trustee for the Western District of Texas; (ii) the Debtor's 20 largest unsecured creditors on a consolidated basis; and (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

DATED: January 12, 2022
Austin, Texas

Respectfully submitted,

W<small>ALLER</small> L<small>ANSDEN</small> D<small>ORTCH</small> & D<small>AVIS</small>, LLP

By: */s/ Eric J. Taube*
   Eric J. Taube
   State Bar No. 19679350
   Mark C. Taylor
   State Bar No. 19713225
   William "Trip" Nix, III
   State Bar No. 24092902
   100 Congress Avenue, Suite 1800
   Austin, Texas 78701
   (512) 685.6400
   (512) 685.6417 (FAX)
   eric.taube@wallerlaw.com
   mark.taylor@wallerlaw.com
   trip.nix@wallerlaw.com

*Proposed Attorneys for Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

The foregoing was served on all persons on the attached list electronically via the Court's ECF notifications on January 12, 2022 or via first class mail on January 13, 2022.

*/s/ Eric J. Taube*
Eric J. Taube

# LIMITED SERVICE LIST

**Debtor**
Loadcraft Industries, LP
3811 N. Bridge St.
Brady, TX 76825

**Government Entities**
United States Trustee (*via ECF*)
Attn: Shane Tobin
903 San Jacinto, Room 230
Austin, TX 78701

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Brown County Appraisal District
403 Fisk Avenue
Brownwood, TX 76801

McCulloch County Appraisal District
306 W. Lockhart
Brady, TX 76825

**Secured Creditors**
Alphonso Energy LLC
1211 Challenger
Lakeway, TX 78734

**20 Largest Unsecured Creditors**
Toyota Financial Services
P.O. Box 2431
Carol Stream, IL 60132

American Express
P.O. Box 650448
Dallas, TX 75265-0448

T&W Tire
P.O. Box 258859
Oklahoma City, OK 73125-8859

Donald E. Harman Co. Inc.
421 Industrial Dr.
Richardson, TX 75081

Intsel Steel/Triple-S Steel
P.O. Box 301212
Dallas, TX 75303-1212

United Engines
P.O. Box 731594
Dallas, TX 75373-1594

Polyglass Coating
1616 N. Main Street
Pearland, TX 77581

Health Care Service Corp.
P.O. Box 731428
Dallas, TX 75373-1428

Single Source Inc
8141 Gateway Dr
Suite 210
Argyle, TX 76226-5736

Stewart & Stevenson Power
P.O. Box 301063
Dallas, TX 75303-1063

Fox NDE, LLC.
P.O. Box 5088
Abilene, TX 79608

Metals USA
101 E Illinois Ave
Enid, OK 73701

Dell Financial Services
Payment Processing Center
Carol Stream, IL 60197-6547

TMDB Properties, L.L.C.
P.O. Box 469
Brady, TX 76825

Huntland Trucking
P.O. Box 86
Santa Anna, TX 76878

American Block Mfg Co Inc
P.O. Box 301442
Dallas, TX 75303

Willbanks Metals Inc.
1155 N.E. 28th Street
Fort Worth, TX 76106

Hill's Specialty Co Inc
P.O. Box 69070
Odessa, TX 79769

SSAB Swedish Steel
P.O. Box 347354
Pittsburgh, PA 15251-7354

Longhorn Equipment & Supply
2621 Martin Luther King Drive
San Angelo, TX 76903

World of Concrete /Hanley Wood
P.O. Box 612128
Dallas, TX 75261-2128

WPT Power Trans Corp
P.O. Box 8148
Wichita Falls, TX 76307

Xenco Laboratories dba B&A Laboratores,
P.O. Box 2256
Stafford, TX 77497

Zoro Tools
909 Asbury Dr
Buffalo Grove, IL 60089

Window Operating, Ltd.
1076 US Highway 283
Coleman, TX 76834

**Parties Requesting Service**
Robert B. Wagstaff (*via ECF*)
McMahon Surovik Suttle P.C.
P.O. Box 3679
Abilene, Texas 79604

Katherine J. Walters
Sheldon E. Richie (*via ECF*)
Richie & Gueringer, P.C.
100 Congress Ave., Suite 1750
Austin, TX 78701

Texas Workforce Commission
c/o Callan C. Searcy (*via ECF*)
Assistant Attorney General
Bankruptcy & Collections Division
MC 008
P.O. Box 12548
Austin, TX 78711-2548

Tara LeDay (*via ECF*)
McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680

040872-18219/4858-8735-6680.1

Stephen W. Sather (*via ECF*)
Gregory M. Friedman (*via ECF*)
BARRON & NEWBURGER, P.C.
7320 N. MoPac, Suite 400
Austin, TX 78731

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| LOADCRAFT INDUSTRIES, LTD. | § § | Case No. 21-11018-tmd |
| Debtor. | § § § | |

**INTERIM ORDER (I) THE DEBTOR TO PAY CERTAIN PREPETITION**
**VENDOR DEBTS, (II) DIRECTING THE DEBTOR'S BANK**
**TO HONOR SUCH PAYMENTS, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[1] for entry of an interim order (this "**Interim Order**") filed by the above-captioned Debtor pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

040872-18219/4867-9581-7992.1

1

proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at the interim hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein on an interim basis.

2. The Debtor is authorized but not direct to pay, in its sole discretion, the Checks, as set forth in the Motion and as provided herein.

3. The Debtor is authorized to deposit sufficient funds from its Regions Bank account into its prepetition bank account to honor the Checks.

3. The Debtor's bank on which the Checks were drawn in payment of the prepetition obligations approved herein are directed to receive, process, honor, and pay all such Checks, as directed by the Debtor, when presented for payment, and the Debtor's bank is authorized to rely on the Debtor's designation of any particular Check as approved by this Interim Order. The Debtor is authorized to reissue any Check authorized to be paid under this Interim Order and is not cleared by the bank. Alternatively, the Debtor, in its sole discretion, is authorized to reissue replacement checks from its Regions Bank account.

4. Nothing in the Motion or this Interim Order, including the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

5. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Interim Order, in accordance with the Motion.

6. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

8. The Final Hearing with respect to the Motion shall be held on _____, 2022, at __:__ _.m. prevailing Central Time, at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 332, Austin, Texas 78701. Any objections or responses to the Motion shall be filed on or before_____, 2022, and served on the parties, as required by the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas.

9. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Interim Order.

###

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric Taube (Bar No. 19679350)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*

**EXHIBIT B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| LOADCRAFT INDUSTRIES, LTD. | § § | Case No. 21-11018-tmd |
| Debtor. | § § § | |

**FINAL ORDER (I) THE DEBTOR TO PAY CERTAIN PREPETITION
VENDOR DEBTS, (II) DIRECTING THE DEBTOR'S BANK
TO HONOR SUCH PAYMENTS, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] for entry of a final order (this "**Final Order**") filed by the above-captioned Debtor pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

040872-18219/4867-9581-7992.1

1

proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at the final hearing before the Court (the "***Hearing***"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. The Debtor is authorized but not direct to pay, in its sole discretion, the Checks, as set forth in the Motion and as provided herein.

3. The Debtor is authorized to deposit sufficient funds from its Regions Bank account into its prepetition bank account to honor the Checks.

4. The Debtor's bank on which the Checks were drawn in payment of the prepetition obligations approved herein are directed to receive, process, honor, and pay all such Checks, as directed by the Debtor, when presented for payment, and the Debtor's bank is authorized to rely on the Debtor's designation of any particular Check as approved by this Final Order. The Debtor is authorized to reissue any Check authorized to be paid under this Final Order and is not cleared by the bank. Alternatively, the Debtor, in its sole discretion, is authorized to reissue replacement checks from its Regions Bank account.

5. Nothing in the Motion or this Final Order, including the Debtor's payment of any claims pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

6. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Final Order, in accordance with the Motion.

7. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Final Order.

###

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric Taube (Bar No. 19679350)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*

040872-18219/4867-9581-7992.1