**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-TMD |
| | § | |
| Debtor | § | |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS (I) AUTHORIZING DEBTOR'S PROPOSED
FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY
COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtor and debtor-in possession (the "**Debtor**") files this motion (the "**Motion**") pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "**Interim Order**") and **Exhibit B** (the "**Final Order**," and together, the "**Proposed Orders**"), (i) authorizing Debtor's proposed form of adequate assurance of payment to utility companies, (ii) establishing procedures for resolving objections by utility companies, and (iii) prohibiting utility companies from altering, refusing, or discontinuing service. In support of the Motion, the Debtor respectfully represents:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On December 30, 2021 (the "**Petition Date**"), Debtor commenced a case under chapter 11 of the Bankruptcy Code.

3.      The Debtor has physical facilities in Brady, Texas (the "**Brady Facility**") and in Brownwood, Texas (the "**Brownwood Facility**"). Prior to the Petition Date, the Debtor was paying the following utility providers for utility services at the Brady Facility and Brownwood Facility in the ordinary course of business:

| SERVICE PROVIDED | UTILITY COMPANY |
|---|---|
| Electric, gas, water, sewer, and trash (Brady Facility) | City of Brady |
| Electric (Brownwood Facility) | Cirro Energy |
| Water, sewer, and trash (Brownwood Facility) | City of Brownwood |
| Gas (Brownwood Facility) | Atmos Energy |
| Internet (Brady Facility) | Brady Communications |
| Office phones | Vonage |
| Cell phones | AT&T |

## RELIEF REQUESTED

4.      Pursuant to section 366 of the Bankruptcy Code, a utility company is prohibited, within the first 30 days after the filing of a chapter 11 case, from altering, refusing, or discontinuing services to, or discriminating against, a debtor solely on the basis of the commencement of bankruptcy proceedings or the debtor's failure to pay a prepetition debt. *See* 11 U.S.C. § 366(a). Upon expiration of the initial 30-day period, however, a utility company may discontinue services if the debtor has not provided the utility company with "adequate assurance of payment for utility services that is satisfactory to the utility." 11 U.S.C. § 366(c)(2).

5.      The Debtor requests entry of the Proposed Orders (i) prohibiting the Utility Companies (as defined below) from altering, refusing, or discontinuing Utility Services (as defined below) to, or discriminating against, the Debtor on account of any outstanding amounts

for services rendered prepetition, or any perceived inadequacy of the Debtor's proposed adequate assurance, (ii) determining that the Utility Companies have received adequate assurance of payment for future Utility Services, (iii) approving procedures whereby the Utility Companies may request additional or different assurances beyond those set forth in this Motion, and (iv) approving procedures for resolving objections by the Utility Companies.

## DESCRIPTION OF UTILITY SERVICES

6.     In the ordinary course of business, the Debtor obtains traditional utility services related to the day-to-day operation and/or maintenance of its businesses from seven different utility providers (each a "**Utility Company**" and collectively, the "**Utility Companies**"), for water, electricity, waste, and telephone, gas and internet services (the "**Utility Services**"). The Utility Companies include, without limitation, the entities set forth on the list attached hereto as **Exhibit C** (the "**Utility Companies List**"). Prepetition, the Debtor has consistently made payments to the Utility Companies on a regular and timely basis. To the Debtor's knowledge, there are no material defaults or arrearages with respect to the Debtor's undisputed invoices for Utility Services other than the payment interruptions that may be caused by the commencement of this Chapter 11 Case.

7.     Uninterrupted Utility Services are essential to the continued operation of the Debtor's businesses and, consequently, to the success of its Chapter 11 Case. Should any Utility Company alter, refuse, or discontinue service, even for a brief period, the Debtor's business operations could be severely disrupted, and such disruption would jeopardize the Debtor's reorganization efforts. Accordingly, the Debtor seeks to establish an orderly process for providing adequate assurance to its Utility Companies without hindering the Debtor's ability to function as a going concern.

8.      On average, the Debtor pays approximately $16,729.23 each month for the Utility Services. The Debtor estimates that the cost for the Utility Services during the next two weeks (not including any deposits to be paid) will be approximately $8,364.61.

**PROPOSED ADEQUATE ASSURANCE TO UTILITY COMPANIES**

9.      The Debtor intends to pay its undisputed post-petition obligations to the Utility Companies on a timely basis, in accordance with its prepetition practices, and have the ability to do so. As of the Petition Date, the Debtor has cash sufficient to make post-petition payments to the Utility Companies.

10.     Consistent with section 366(c)(1)(A) of the Bankruptcy Code, which defines the phrase "assurance of payment" to include a "cash deposit," the Debtor proposes to deposit an amount equal to two weeks of Utility Services, calculated as a historical average over the past 12 months (each an "**Adequate Assurance Deposit**") into a segregated bank account designated for the Adequate Assurance Deposits (the "**Adequate Assurance Deposit Account**") on behalf of all Utility Companies identified in **Exhibit C** within 20 days of the entry of the Interim Order. The Adequate Assurance Deposit is equal to the prorated aggregate cost paid to the Utility Companies for two weeks of Utility Services, calculated as a historical average over the last twelve months.  The Adequate Assurance Deposit will be held in the Adequate Assurance Deposit Account for the duration of this Chapter 11 Case and may be applied to any post-petition defaults in payment to the Utility Companies.

11.     The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**") and the deposits held by the Utility Companies, constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.  Nonetheless, if any Utility Company

believes additional assurance is required, the Debtor requests that the Court establish certain procedures, described below, by which a Utility Company may request such assurance.

## THE ADEQUATE ASSURANCE PROCEDURES

12.     In light of the severe consequences to the Debtor's business and operations that would result from any interruption in Utility Services and to address the right of any Utility Company under section 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor proposes that the following procedures (the "**Adequate Assurance Procedures**") be adopted:

  a. Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is **received** by the Debtor and counsel for the Debtor, by no later than 30 days after the Petition Date (the "**Request Deadline**") at the following addresses: (i) Loadcraft Industries, Ltd., 3811 N. Bridge, Brady, Texas 76825 (Attn: Charles Hinkle); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Eric J. Taube).

  b. Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepay for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the post-petition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

  c. Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 40 days from the Petition Date (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

d.      The Debtor, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

e.      If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f.      Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.      Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

## OBJECTIONS TO THE PROPOSED ADEQUATE ASSURANCE PROCEDURES

13.     The Debtor requests that any Utility Company not satisfied with the Adequate Assurance Procedures set forth herein and wishing to object to such Adequate Assurance Procedures comply with the following procedures ("**Objection Procedures**"):

a.      A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "**Procedures Objection**") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within 10 days of the Petition Date at the following addresses: (i) Loadcraft Industries, Ltd., 3811 N. Bridge, Brady, Texas 76825 (Attn: Charles Hinkle); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Eric J. Taube).

b.      Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepay for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

c.      The Debtor, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order entered in this case (and any approved budget in connection with same), provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

d.      If the Debtor determines that a Procedures Objection is not reasonable and are not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "**Procedures Objection Hearing**").

e.  Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

f.  Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

## **SUBSEQUENT MODIFICATION OF THE UTILITY COMPANIES LIST**

14.  The Debtor requests that it be allowed, without further order of the Court, to supplement the Utility Companies List if any Utility Company has been inadvertently omitted from the list (the "**Additional Utility Company**"). If the Debtor determines that the Utility Companies List should be supplemented, the Debtor will, as soon as reasonably practicable, file with the Court an amendment to **Exhibit C** adding the name of any Additional Utility Company (the "**Supplement**"). The Debtor will then serve by email or by facsimile transmission (or where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of this Motion and the signed Interim Order or Final Order, as appropriate, on any Additional Utility Company.

15.  The Debtor requests that any Additional Utility Company be subject to the terms of the Interim Order and Final Order, as appropriate, including the Adequate Assurance and Objection Procedures. The Additional Utility Company shall have 30 days from the date of service of this Motion and the Interim Order or Final Order to make an Additional Assurance Request as outlined above. The Additional Utility Company may also serve a Procedures Objection as outlined above within 10 days from the date of service of this Motion and the Interim Order or Final Order.  Should an Additional Utility Company be added to the Utility

Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

**BASIS FOR RELIEF REQUESTED**

**A.      Section 366 of the Bankruptcy Code Grants the Court the Discretion to Determine the Adequacy of the Debtor's Proposed Assurance**

16.      Congress enacted section 366 of the Bankruptcy Code to protect a debtor from immediate termination of utility services after filing for bankruptcy, while at the same time providing the utility companies with adequate assurance of payment for postpetition utility services. *See* H.R. Rep. No. *95-595,* at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306. Section 366 defines "assurance of payment" to mean several forms of security, including, cash deposits, letters of credit, and prepayment of utility services. 11 U.S.C. § 366(c)(1)(A). Section 366(c)(1)(B) explicitly excludes, however, offering administrative expense priority as adequate assurance of payment.

17.      While section 366(c) of the Bankruptcy Code sets forth what constitutes adequate assurance of payment, the bankruptcy court nonetheless retains discretion to determine what, if any, adequate assurance is necessary to satisfy section 366's requirement that assurance of payment must only be adequate. *See In re Adelphia Bus. Solutions, Inc.,* 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("The bankruptcy courts are in agreement that section 366(b) vests in the bankruptcy court the exclusive responsibility for determining the appropriate security which a debtor must provide to his utilities to preclude termination of service for non-payment of pre-petition utility bills."); *Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.),* 35 B.R. 188, 198 (Bankr. N.D. Ohio 1983) (same). Accordingly, a court is not required to give the utility companies an "absolute guarantee of payment," or require that the adequate assurance take the

form of a deposit, bond, letter of credit, or similar security. *In re Caldor, Inc. – N.Y.,* 199 B.R. 1, 3 (S.D.N.Y. 1996), *aff'd,* 117 F.3d 646 (2d Cir. 1997).

18.     Rather, in considering the facts and circumstances of each case, the Court must only ensure that the utility is not subject to an unreasonable risk of non-payment for postpetition services. *See In re Adelphia,* 280 B.R. at 80; *In re Keydata Corp.,* 12 B.R. 156, 158 (1st Cir. BAP 1981). The Court, therefore, must strike a careful balance between satisfying the utility company's need for adequate assurance and ensuring that the debtor provides no more than what is adequate, as the debtor has a conflicting need to conserve financial resources. *See In re Magnesium Corp. of Am.,* 278 B.R. 698, 714 (Bankr. S.D.N.Y. 2002) (holding that to require the debtor to allocate valuable liquidity to provide further "adequate assurance" to satisfy a utility's obligations before their amount has been fixed would prejudice the entirety of the debtor's unsecured creditor body for the benefit of a single one).

19.     In determining whether a utility is subject to an unreasonable risk of non-payment, the Court may consider whether the utility would seek the same additional security from another non-bankruptcy debtor. *See In re Caldor, Inc. – N.Y.,* 199 B.R. at 3 (finding that the utility companies were not seeking additional security for an adequate assurance of future payment, but solely because their monopoly position permitted them to capitalize on the debtors' bankruptcy filing); *In re Whittaker,* 84 B.R. 934, 941-42 (Bankr. E.D. Pa. 1988), *aff'd,* 92 B.R. 110 (E.D. Pa. 1988), *aff'd,* 882 F.2d 791 (3rd Cir. 1989). The Court may not consider, however, the absence of security before the petition date, the debtor's history of timely payments, or the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

**B.      The Debtor's Proposed Adequate Assurance Has Been Upheld as Adequate By Courts in this District and Other Jurisdictions**

20.      Given that this Court has the discretion to determine the assurance necessary to satisfy the Utility Companies' needs, the Debtor submits that the Proposed Adequate Assurance is more than adequate to ensure that the Debtor will meet its post-petition utility obligations. Indeed, the Debtor's proposal is similar to the relief granted in other chapter 11 cases commenced in this and other jurisdictions after the 2005 amendments to the Bankruptcy Code. *See, e.g., In re Houston Regional Sports Network, L.P.,* Case No. 13-35998 (Bankr. S.D. Tex. Feb. 21, 2014) (approving adequate assurance in the form of a deposit of half of the debtor's lowest monthly cost with each utility company during the past 12 months); *In re Crescent Resources LLC, et. al.,* Case No. 09-11507 (CAG) (Bankr. W.D. Tex. June 10, 2009) (approving adequate assurance in the form of a deposit equal to approximately two weeks of utility services, calculated as a historical average over the past 12 months); *In re SemCrude, L.P.,* Case No. 08-11525 (BLS) (Bankr. D. Del. Aug. 19, 2008) (approving adequate assurance to utilities in an amount equal to two weeks' deposit).

21.      Here, the Debtor is proposing the same type of assurance as has been proposed in previous chapter 11 cases in this district and believe that the Adequate Assurance Deposit Account, together with the proposed Adequate Assurance Procedures, strikes a fair balance between the rights of the Utility Companies and the interests of the Debtor's estates. The Debtor operates many stores, and if the Utility Companies altered, refused, or discontinued service the Debtor's business operations could be severely disrupted. Such disruption could have a devastating impact on the Debtor's business operations and revenues thereby jeopardizing the Debtor's ability to successfully reorganize. By contrast, the Utility Companies will have received the protection of a cash deposit equal to two weeks' worth of Utility Services, and may receive

this deposit in the event that the Debtor fails to timely pay its post-petition utility charges. It is, therefore, critical that this Court grant the relief requested in this Motion and prohibit the Utility Companies from altering, refusing, or discontinuing the Debtor's necessary Utility Services during this Chapter 11 Case.

### REQUESTED RELIEF SATISFIES BANKRUPTCY RULE 6003

22.     Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition …." Fed. R. Bankr. P. 6003(b). As described herein, the Debtor will suffer immediate and irreparable harm without Court authorization to pay all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor after the Petition Date, and to provide the Adequate Assurance Deposit for the benefit of the Utility Companies. If the relief is not granted, the Debtor's operations that depend on the constant and reliable provision of Utility Services may suffer a significant disruption, reducing its revenue and profits, and thereby causing immediate and irreparable harm to the Debtor's estate. Accordingly, the Debtor submits that Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

### REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

23.     To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a). Furthermore, to implement the foregoing immediately, the Debtor seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, paying all

undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor after the Petition Date and to provide the Adequate Assurance Deposit is essential to prevent potentially irreparable damages to the Debtor's business operations and its estate. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

24.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor; a waiver of the Debtor's rights to dispute any claim; or an approval, assumption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its rights to contest any invoice or claim of a Utility Company in accordance with applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## NOTICE

25.     The Debtor has provided notice of the filing of the Motion either by electronic mail, facsimile, overnight mail or regular mail to: (i) the Office of the United States Trustee for the Western District of Texas; (ii) the Debtor's 20 largest unsecured creditors on a consolidated basis; (iii) the Utility Companies; and (iv) all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013.  Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## NO PRIOR REQUEST

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 18, 2022
Austin, Texas

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By:  */s/ Eric J. Taube*

  Eric J. Taube
  State Bar No. 19679350
  Mark C. Taylor
  State Bar No. 19713225
  William "Trip" Nix, III
  State Bar No. 24092902
  100 Congress Avenue, Suite 1800
  Austin, Texas 78701
  (512) 685.6400
  (512) 685.6417 (FAX)
  eric.taube@wallerlaw.com
  mark.taylor@wallerlaw.com
  trip.nix@wallerlaw.com

  *Proposed Attorneys for Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

The foregoing was served on all persons on the attached list electronically via the Court's ECF system on January 18, 2022 or via first class mail on January 19, 2022.

*/s/ Eric J. Taube*
Eric J. Taube

# LIMITED SERVICE LIST

**Debtor**
Loadcraft Industries, LP
3811 N. Bridge St.
Brady, TX 76825

**Government Entities**
United States Trustee (*via ECF*)
Attn: Shane Tobin
903 San Jacinto, Room 230
Austin, TX 78701

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Brown County Appraisal District
403 Fisk Avenue
Brownwood, TX 76801

McCulloch County Appraisal
District
306 W. Lockhart
Brady, TX 76825

**Secured Creditors**
Alphonso Energy LLC
1211 Challenger
Lakeway, TX 78734

**20 Largest Unsecured Creditors**
Toyota Financial Services
P.O. Box 2431
Carol Stream, IL 60132

American Express
P.O. Box 650448
Dallas, TX 75265-0448

T&W Tire
P.O. Box 258859
Oklahoma City, OK 73125-8859

Donald E. Harman Co. Inc.
421 Industrial Dr.
Richardson, TX 75081

Intsel Steel/Triple-S Steel
P.O. Box 301212
Dallas, TX 75303-1212

United Engines
P.O. Box 731594
Dallas, TX 75373-1594

Polyglass Coating
1616 N. Main Street
Pearland, TX 77581

Health Care Service Corp.
P.O. Box 731428
Dallas, TX 75373-1428

Single Source Inc
8141 Gateway Dr
Suite 210
Argyle, TX 76226-5736

Stewart & Stevenson Power
P.O. Box 301063
Dallas, TX 75303-1063

Fox NDE, LLC.
P.O. Box 5088
Abilene, TX 79608

Metals USA
101 E Illinois Ave
Enid, OK 73701

Dell Financial Services
Payment Processing Center
Carol Stream, IL 60197-6547

TMDB Properties, L.L.C.
P.O. Box 469
Brady, TX 76825

Huntland Trucking
P.O. Box 86
Santa Anna, TX 76878

American Block Mfg Co Inc
P.O. Box 301442
Dallas, TX 75303

Willbanks Metals Inc.
1155 N.E. 28th Street
Fort Worth, TX 76106

Hill's Specialty Co Inc
P.O. Box 69070
Odessa, TX 79769

SSAB Swedish Steel
P.O. Box 347354
Pittsburgh, PA 15251-7354

Longhorn Equipment & Supply
2621 Martin Luther King Drive
San Angelo, TX 76903

World of Concrete /Hanley Wood
P.O. Box 612128
Dallas, TX 75261-2128

WPT Power Trans Corp
P.O. Box 8148
Wichita Falls, TX 76307

Xenco Laboratories dba B&A
Laboratores,
P.O. Box 2256
Stafford, TX 77497

Zoro Tools
909 Asbury Dr
Buffalo Grove, IL 60089

Window Operating, Ltd.
1076 US Highway 283
Coleman, TX 76834

**Parties Requesting Service**
Robert B. Wagstaff (*via ECF*)
McMahon Surovik Suttle P.C.
P.O. Box 3679
Abilene, Texas 79604

Katherine J. Walters
Sheldon E. Richie (*via ECF*)
Richie & Gueringer, P.C.
100 Congress Ave., Suite 1750
Austin, TX 78701

Texas Workforce Commission
c/o Callan C. Searcy (*via ECF*)
Assistant Attorney General
Bankruptcy & Collections Division
MC 008
P.O. Box 12548
Austin, TX 78711-2548

Tara LeDay (*via ECF*)
McCreary, Veselka, Bragg & Allen
P.O. Box 1269
Round Rock, TX 78680

Stephen W. Sather (*via ECF*)
Gregory M. Friedman (*via ECF*)
BARRON & NEWBURGER, P.C.
7320 N. MoPac, Suite 400
Austin, TX 78731

**<u>Utility Companies</u>**
City of Brady
PO Box 351
201 E Main St
Brady, TX 76825

Cirro Energy
P.O. Box 660004
Dallas, TX 75266

City Of Brownwood
P.O. Box 1389
Brownwood, TX 76804-1389

Atmos Energy
P.O. Box 790311
St Louis, MO 63179-0311

Brady Communications, LLC
1003 S. Bridge St
Brady, TX 76825

Vonage
3200 Windy Hill Rd
Suite 200 East
Atlanta, GA 30339

AT&T Mobility
P.O. Box 6463
Carol Stream, IL 60197-6463

## EXHIBIT A

***Proposed Interim Order***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-tmd |
| | § | |
| Debtor. | § | |

**INTERIM ORDER (I) AUTHORIZING DEBTOR'S PROPOSED**
**FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY**
**COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING**
**OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITY**
**COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Upon consideration of the motion (the "**Motion**")[1] for entry of an interim order (this

"*Interim Order*") filed by the above-captioned Debtor; and the Court having found that it has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and the Court having found that venue of this proceeding in this District is proper

pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "**Interim Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Motion is granted as set forth herein on an interim basis.

2.      The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor on and after the Petition Date.

3.      The Debtor shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing $_____ an amount equal to two weeks of Utility Services, calculated as a historical average over the past 12 months (each, an "**Adequate Assurance Deposit**"), into a segregated bank account designated for the Adequate Assurance Deposits (the "**Adequate Assurance Deposit Account**") within 20 days of the entry of this order.

4.      The Debtor is authorized, but not directed, to establish new bank accounts with any bank approved by the U.S. Trustee in order to comply with this Order.

5.      The Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed**

**Adequate Assurance**"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6.      The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtor receiving such Utility Services.

7.      The following Adequate Assurance Procedures are approved:

    a.    Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is **received** by the Debtor and counsel for the Debtor, by no later than 30 days after the Petition Date (the "**Request Deadline**") at the following addresses: (i) Loadcraft Industries, Ltd., 3811 N. Bridge, Brady, Texas 76825 (Attn: Charles Hinkle); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Eric J. Taube).

    b.    Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepay for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the post-petition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    c.    Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 40 days from the Petition Date (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

    d.    The Debtor, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and

any approved budget in connection with same), may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

e.      If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f.      Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.      Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

The following Objection Procedures are approved:

a.      A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "**Procedures Objection**") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within 10 days of the Petition Date at the

following addresses: (i) Loadcraft Industries, Ltd., 3811 N. Bridge, Brady, Texas 76825 (Attn: Charles Hinkle); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Eric J. Taube).

b.     Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepay for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

c.     The Debtor, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order entered in this case, if any, (and any approved budget in connection with same), may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

d.     If the Debtor determines that a Procedures Objection is not reasonable and are not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "**Procedures Objection Hearing**").

e.     Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

f.     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

7.     The Debtor may supplement the Utility Companies List without further order of the Court if any Utility Company has been inadvertently omitted from the Utility Companies List (the "**Additional Utility Company**"), and the Debtor will as soon as reasonably practicable file with the Court an amendment to **Exhibit C** to the Motion adding the name of any Additional Utility Company (the "**Supplement**"). The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of the Motion and this Interim Order on any Additional Utility Company.

8.     Any Additional Utility Company is subject to the terms of this Interim Order, including the Adequate Assurance and Objection Procedures. Any Additional Utility Company shall have 30 days from the date of service of the Motion and this Interim Order to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above. Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

9.     No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Company, or (c) by further order of the Court. If the Debtor fails to pay for any legitimate post-petition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

10.     The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Interim Order.

11.     Nothing in the Motion or this Interim Order, including the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

12.     Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

13.     Within three business days of the date of this Interim Order, the Debtor shall serve a copy of this Interim Order and the Motion on each Utility Company identified on the Utility Companies List, and within three business days of filing the Supplement, the Debtor shall serve a copy of this Interim Order and the Motion on any Additional Utility Company.

14.     Notwithstanding anything to the contrary herein, nothing in this order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing budget approved by the Court in effect as of the time such payment is to be made.

15.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16.     The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

18.     The Final Hearing with respect to the Motion shall be held on _____, 2022, at __:__ _.m. prevailing Central Time, via Webex. Any objections or responses to the Motion shall be filed on or before_____, 2022, and served on the parties, as required by the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas.

19.     The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Interim Order.

# # #

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP
Eric Taube (Bar No. 19679350)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*

## **EXHIBIT B**

### *Proposed Final Order*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-tmd |
| | § | |
| Debtor. | § | |

Upon consideration of the motion (the "**Motion**")[1] for entry of a final order (this "**Final Order**") filed by the above-captioned Debtor; and the Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

in support of the relief requested therein at the interim and final hearings before the Court (together, the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.      The Motion is granted as set forth herein.

2.      The Debtor is authorized to pay on a timely basis, in accordance with its prepetition practices, all undisputed invoices for Utility Services rendered by the Utility Companies to the Debtor on and after the Petition Date.

3.      The Debtor shall provide an Adequate Assurance Deposit for all Utility Companies identified on **Exhibit C** to the Motion by depositing $_____ an amount equal to two weeks of Utility Services, calculated as a historical average over the past 12 months (each, an "**Adequate Assurance Deposit**"), into a segregated bank account designated for the Adequate Assurance Deposits (the "**Adequate Assurance Deposit Account**") within 20 days of entry of the Interim Order.

4.      The Debtor is authorized, but not directed, to establish new bank accounts with any bank approved by the U.S. Trustee in order to comply with this Order.

5.      The Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future Utility Services in the ordinary course of business (collectively, the "**Proposed Adequate Assurance**"), constitute sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

6.      The Utility Companies are prohibited from (a) altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtor on the basis of the commencement of the Chapter 11 Case or on account of any unpaid prepetition charges; or (b) requiring additional adequate assurance of payment other than the Proposed Adequate Assurance as a condition of the Debtor receiving such Utility Services.

7.      The following Adequate Assurance Procedures are approved:

a.      Any Utility Company desiring assurance of future payment for Utility Services beyond the Proposed Adequate Assurance must serve a request (an "**Additional Assurance Request**") so that it is **received** by the Debtor and counsel for the Debtor, by no later than 30 days after the Petition Date (the "**Request Deadline**") at the following addresses: (i) Loadcraft Industries, Ltd., 3811 N. Bridge, Brady, Texas 76825 (Attn: Charles Hinkle); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Eric J. Taube).

b.      Any Additional Assurance Request must: (i) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (ii) be made in writing; (iii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iv) describe any deposits or other security currently held by the requesting Utility Company; (v) explain whether the Debtor prepay for the Utility Company's services; (vi) describe any payment delinquency or irregularity by the Debtor for the post-petition period, if any; and (vii) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c.      Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) 20 days from the receipt of such Additional Assurance Request or (ii) 40 days from the Petition Date (collectively, the "**Resolution Period**") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company without application to or approval of the Court.

d.      The Debtor, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in its discretion, subject to the terms

of any cash collateral and debtor-in-possession financing order entered in this case (and any approved budget in connection with same), provide the requesting Utility Company with additional assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, other forms of security, or any combination of the above, if the Debtor believes such additional assurance is reasonable. If the Debtor and requesting Utility Company resolve the Additional Assurance Request, the Debtor may, by mutual agreement with the requesting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the requesting Utility Company's estimated two-week utility expense.

e.      If the Debtor determines that an Additional Assurance Request is not reasonable, and the parties are not able to resolve such request during the Resolution Period, then during or immediately after the Resolution Period, the Debtor will request a hearing before the Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "**Determination Hearing**"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f.      Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.      Other than through the Objection Procedures set forth below, any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of any unpaid prepetition charges, or requiring additional assurance of payment beyond the Proposed Adequate Assurance.

8.      The following Objection Procedures are approved:

a.      A Utility Company that desires to object to the Adequate Assurance Procedures must file an objection (a "***Procedures Objection***") with the Court and serve such Procedures Objection so that it is **received** by the Debtor and the Debtor's counsel within 10 days of the Petition Date at the following addresses: (i) FFBC GP, LLC, 10001 Metric Boulevard, Austin, Texas 78758 (Attn: Christine Celis); and (ii) Waller Lansden Dortch & Davis, LLP, 100 Congress Ave., Ste. 1800, Austin, TX 78701 (Attn: Eric J. Taube).

b.      Any Procedures Objection must (i) be made in writing; (ii) set forth all location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits or other security currently held by the objecting Utility Company; (iv) explain whether the Debtor prepay for the Utility Company's services or what payment terms presently apply to the Debtor; and (v) explain why the objecting Utility Company believes the proposed Adequate Assurance Procedures are inadequate.

c.      The Debtor, in its discretion, subject to the terms of any cash collateral and debtor-in-possession financing order, if any, entered in this case (and any approved budget in connection with same), may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in its discretion, subject to the terms of any cash collateral order and debtor-in-possession financing, if any, entered in this case (and any approved budget in connection with same), provide a Utility Company with assurance of future payment, including, but not limited to, cash deposits, payments of prepetition balances, prepayments, or other forms of security, if the Debtor believes such assurance of payment is reasonable. If the Debtor and objecting Utility Company resolve the Procedures Objection, the Debtor may, by mutual agreement with the objecting Utility Company and without further order of the Court, reduce the Adequate Assurance Deposit by an amount not exceeding the objecting Utility Company's estimated two-week utility expense.

d.      If the Debtor determines that a Procedures Objection is not reasonable and are not able to reach a prompt alternative resolution with the objecting Utility Company, the Debtor will promptly request a hearing before the Court to determine the Procedures Objection (a "***Procedures Objection Hearing***").

e.      Pending the resolution of a Procedures Objection at a Procedures Objection Hearing, the Utility Company making such request shall be restrained from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Adequate Assurance Procedures.

f.      Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

9.      The Debtor may supplement the Utility Companies List without further order of the Court if any Utility Company has been inadvertently omitted from the Utility Companies List (the "**Additional Utility Company**"), and the Debtor will as soon as reasonably practicable file

with the Court an amendment to **Exhibit C** to the Motion adding the name of any Additional Utility Company (the "**Supplement**"). The Debtor will then serve by email or by facsimile transmission (or, where the Debtor does not have the email address or fax number of a Utility Company, by First Class Mail) a copy of the Motion and this Final Order on any Additional Utility Company.

10.    Any Additional Utility Company is subject to the terms of this Final Order, including the Adequate Assurance and Objection Procedures. Any Additional Utility Company shall have 30 days from the date of service of the Motion and this Final Order to make an Additional Assurance Request as outlined above. The Additional Utility Company shall serve a Procedures Objection as outlined above. Should any Additional Utility Company be added to the Utility Companies List, the Debtor will not be required to increase the amounts of deposit in the Adequate Assurance Deposit Account.

10.    No money may be withdrawn from the Adequate Assurance Deposit Account except (a) in compliance with the Adequate Assurance Procedures or the Objection Procedures, (b) by mutual agreement of the Debtor and the applicable Utility Company, or (c) by further order of the Court. If the Debtor fails to pay for any legitimate post-petition Utility Services when due, a Utility Company may access only that portion of the Adequate Assurance Deposit owing to it in the Adequate Assurance Deposit Account.

11.    The Debtor shall administer the Adequate Assurance Deposit Account in accordance with the terms of this Final Order.

12.    Nothing in the Motion or this Final Order, including the Debtor's payment of any claims pursuant to this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute

any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

13.      Nothing contained herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Companies List.

14.      Within three business days of the date of this Final Order, the Debtor shall serve a copy of this Final Order and the Motion on each Utility Company identified on the Utility Companies List, and within three business days of filing the Supplement, the Debtor shall serve a copy of this Final Order and the Motion on any Additional Utility Company.

15.      Notwithstanding anything to the contrary herein, nothing in this order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to the Motion shall be made only to the extent authorized under the cash collateral and debtor-in-possession financing budget approved by the Court in effect as of the time such payment is to be made.

16.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

17.      The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

18.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

19.      The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Final Order.

# # #

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP
Eric Taube (Bar No. 19679350)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and*
*Debtor in Possession*

## **EXHIBIT C**

### *Utility Company List*

| SERVICE PROVIDED | UTILITY COMPANY |
|---|---|
| Electric, gas, water, sewer, and trash (Brady Facility) | City of Brady |
| Electric (Brownwood Facility) | Cirro Energy |
| Water, sewer, and trash (Brownwood Facility) | City of Brownwood |
| Gas (Brownwood Facility) | Atmos Energy |
| Internet (Brady Facility) | Brady Communications |
| Office phones | Vonage |
| Cell phones | AT&T |