**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 19, 2022.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-tmd |
| | § | |
| Debtor. | § | |

### INTERIM ORDER (I) THE DEBTOR TO PAY CERTAIN PREPETITION VENDOR DEBTS, (II) DIRECTING THE DEBTOR'S BANK TO HONOR SUCH PAYMENTS, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[1] for entry of an interim order (this "**Interim Order**") filed by the above-captioned Debtor pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this

_____
[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

040872-18219/4867-9581-7992.1

proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at the interim hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein on an interim basis.

2. The Debtor is authorized but not direct to pay, in its sole discretion, the Checks, as set forth in the Motion and as provided herein.

3. The Debtor is authorized to deposit sufficient funds from its Regions Bank account into its prepetition bank account to honor the Checks.

3. The Debtor's bank on which the Checks were drawn in payment of the prepetition obligations approved herein are directed to receive, process, honor, and pay all such Checks, as directed by the Debtor, when presented for payment, and the Debtor's bank is authorized to rely on the Debtor's designation of any particular Check as approved by this Interim Order. The Debtor is authorized to reissue any Check authorized to be paid under this Interim Order and is not cleared by the bank. Alternatively, the Debtor, in its sole discretion, is authorized to reissue replacement checks from its Regions Bank account.

4. Nothing in the Motion or this Interim Order, including the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor, or a waiver of the Debtor's right to dispute any claim, or an approval or assumption, or rejection of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

5. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Interim Order, in accordance with the Motion.

6. The requirements of Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion or otherwise deemed waived.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

8. The Final Hearing with respect to the Motion shall be held on February 7, 2022 at 2:45 p.m., prevailing Central Time, at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 332, Austin, Texas 78701. Any objections or responses to the Motion shall be filed on or before February 3, 2022, and served on the parties, as required by the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Texas.

9. The Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation, enforcement and/or interpretation of this Interim Order.

###

Prepared and submitted by:

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric Taube (Bar No. 19679350)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Proposed Attorneys for the Debtor and
Debtor in Possession*