**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 27, 2022.**



_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| LOADCRAFT INDUSTRIES, LTD. | § § | Case No. 21-11018-TMD |
| Debtor | § § | |

**ORDER APPROVING
THE SETTLEMENT AGREEMENT AMONG THE DEBTOR, WINDOW OPERATING, LTD., MIKE RAY, HUNTLAND PROPERTIES, LTD., LLC, HUNTLAND RESOURCES, LLC, PASSERINA CIRIS, LLC, GLIDER MANUFACTURING, LLC, GLIDER PRODUCTS LLC, BRADY PLANT OPERATORS, LLC, TERRY MCIVER, RUTH ANN MCIVER, AND BRIAN ALPHONSO, ALPHONSO ENERGY, LLC, CHARLES HINKLE, GLORIOUS SPLENDOR TOO, LLC AND NESTOR OUTCOMES, LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

CAME ON FOR CONSIDERATION, the *Motion for Entry of an Order Approving the Settlement Agreement Among the Debtor, Window Operating, Ltd., Mike Ray, Huntland Properties, Ltd., LLC, Huntland Resources, LLC, Passerina Ciris, LLC, Glider Manufacturing, LLC, Glider Products LLC, Brady Plant Operators, LLC, Terry McIver, Ruth Ann McIver, and Brian Alphonso, Alphonso Energy, LLC, Charles Hinkle, Glorious Splendor Too, LLC, and Nestor*

*Outcomes, LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "**Motion**")[1] filed by the Debtor in the Chapter 11 Case, seeking an order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper; having considered the Motion, this Court finding that the Settlement Agreement is fair, equitable, and in the best interests of the Debtor and the estate; and this court having jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; it is hereby[2]

ORDERED that the Motion is GRANTED; and it is further

ORDERED that pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9019, the Settlement Agreement is hereby approved; and it is further

ORDERED that the Parties are authorized to take any and all actions in order to effectuate the Settlement Agreement, including the execution and delivery and/or filing (as the case may be) of the exhibits to the Settlement Agreement; and it is further

ORDERED that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at a hearing conducted on this matter.

ORDERED that the Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

###

*Prepared and submitted by*:

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric Taube (Bar No. 19679350)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com

*Attorneys for the Debtor and
Debtor in Possession*

# EXHIBIT A

MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement (the "Agreement") is by and among Terry McIver ("McIver"), Ruth Ann McIver ("RA McIver"), Brady Plant Operators, LLC ("Brady PO"), Huntland Properties, Ltd LLC ("Huntland"), Huntland Resources LLC ("Resources"), Passerina Ciris, LLC ("Passerina"), Glider Manufacturing LLC ("Glider Mfg"), Glider Products LLC ("Glider Prods") (collectively, McIver, RA McIver, Brady PO, Heartland, Huntland, Resources, Passerina, Brady Mfg, and Glider Prods are referred to as the "McIver Parties"), Window Operating LLC, ("Window") Mike Ray ("Ray") (Window and Ray are referred to as the "Window Parties"), Brian Alphonso ("Alphonso"), Alphonso Energy, LLC ("Alphonso Energy"), Glorious Splendor Too, LLC ("Glorious Splendor") Nestor Outcomes, LLC ("Nestor"), Loadcraft Industries Ltd. ("Loadcraft"), and Charles Hinkle ("Hinkle"). (Alphonso, Alphonso Energy, Nestor, Glorious Splendor, Loadcraft and Hinkle are referred to as the "Alphonso Parties") and shall be effective as set forth below. The McIver Parties, the Window Parties and the Alphonso Parties shall be collectively referred to herein as the "Parties", or singularly as a "Party".

RECITALS

Loadcraft is a Texas limited partnership and is the debtor and debtor-in-possession in a case under Chapter 11 of the Bankruptcy Code styled *In re Loadcraft Industries, Ltd.*, case no. 21-11018-tmd-11 pending in the United States Bankruptcy Court for the Western District of Texas - Austin Division ("Bankruptcy Case").

Brady PO, Huntland, Resources, Passerina, Alphonso Energy, and Nestor, entered into the *Ownership of Interest and Operations Agreement* (the "Ownership Agreement") on or about May 24, 2017. There are disputes between the parties as to the effectiveness of the Ownership Agreement, and the ownership, control and rights of the Parties in Loadcraft.

Alphonso Energy, Hinkle and Nestor, as plaintiffs, and Loadcraft, McIver and Glider Prods, as defendants, counter-plaintiffs and third party plaintiffs, and Alphonso, as third party defendant are parties to that case styled *Alphonso Energy, LLC, Charles Hinkle, and Nestor Outcomes, LLC vs Loadcraft Industries, Ltd, Terry McIver, Glider Products, LLC* pending in the 98th District Court of Travis County, Texas (the "Glider Litigation").

Loadcraft, as Seller, and Windows, as buyer, entered into the *Sale and Leaseback Agreement* effective May 1, 2021 pursuant to which Windows acquired the assets of Loadcraft and leased them back to Loadcraft (the "Sale/Leaseback Transaction"). There are disputes among the Parties regarding the Sale/Leaseback Transaction.

Patents for certain technology ("Patents") were issued to McIver, Gary Weatherman ("Weatherman") and Zach Nash ("Nash"). McIver, Weatherman and Nash transferred the Patents to Glider. On or about November 30, 2018, Loadcraft (under the authority and control of McIver) entered in to a Patent Assignment and Transfer Agreement (the "IP Transfer Agreement") with Glider. Loadcraft challenges the Patents, the transfers of the Patents, and the IP Transfer Agreement.

In 2021, McIver caused Loadcraft to pay the indebtedness of Loadcraft to Passerina which was secured by a lien on assets of Loadcraft. The Alphonso Parties dispute that McIver had the authority to do so.

The Parties desire to enter into this settlement to settle all claims between them, except as specifically provided and reserved herein, regardless of whether such claims are referenced in these recitals.

Now, therefore, the Parties agree as follows:

1. Window agrees to Debtor's repurchase of the assets conveyed to Windows in the Sale/Leaseback Transaction, including the Brownwood real estate and improvements (the "Window Sale Assets") at Closing,[1] in consideration for the payment of the option price of $1,766,033 to Windows as set forth in the Sale/Leaseback Transaction (the "Option Price"). At Closing, Window will release all claims for past or future rent related to the Sale/Leaseback Transaction, and the lease from Window to Loadcraft will be terminated. Window will convey the Window Sale Assets free of any liens or encumbrances except ad valorem taxes through the date of Closing and any other encumbrances of record on the date of the Sale/Leaseback Transaction. Loadcraft will pay all closing costs related to the purchase of the Window Sale Assets.

2. Loadcraft will sell all or part of its personal property located at or adjacent to the Brady Building (the "Brady Personal Property") to Western Trailer and Manufacturing, Inc. its designee[2] or such other purchaser approved by the Bankruptcy Court ("Western")[3] at Closing, on terms to be agreed between Loadcraft and Western and approved by the Bankruptcy Court so long as those terms do not affect the terms of the sale of the Brady Building by Glider Mfg to Western. Loadcraft will remove any Brady Personal Property which it does not sell from the Brady Building and adjacent premises on or before Closing.

3. Glider Mfg will sell the real property at 3811 N. Bridge St., Brady, Texas 76825-7840 ("Brady Building") to Western at Closing, on terms to be agreed between Glider Mfg and Western. From the proceeds of the sale to Western, and at Closing of the simultaneous closing of the transactions contemplated hereunder, Loadcraft will pay Glider Mfg all post-petition lease obligations will to pay all rent obligations under the lease through the date of Closing including prorated 2022 property taxes and insurance. Loadcraft's lease of the Brady Building will be terminated.

4. It is the intention of the Parties that the purchase of the Window Sale Assets by Loadcraft, the sale of the Brady Personal Property and the sale of Brady Building by Glider Mfg (the "Transactions"), shall occur simultaneously. To the extent that any one of the Transactions does

---

[1] "Closing" shall mean the simultaneous closing of the Transactions as defined in this Agreement.
[2] Such designees shall include Odyssey Design and Manufacturing Inc. and HB Realty Co.

[3] In the event the court does not approve the sale of the Brady Personal Property to Western, the Parties may, but shall not be required to, agree to substitute another buyer under this Agreement; provided that such buyer acquires both the Brady Personal Property and the Brady Building on terms acceptable to the sellers. If McIver Mfg does not agree to the sale of the Brady Building to another buyer, this Agreement shall be null and void.

not close, this Agreement shall be null and void and of no effect, and this Agreement shall not be used by or against any Party as an admission of any fact or a waiver of any claims.

5. The ad valorem taxes on the Brady Personal Property will be paid at from the proceeds of sale at Closing on such terms agreed upon by Loadcraft and Western, and Loadcraft will be responsible for paying the property taxes on the Loadcraft's personal and real property located in Brownwood, Texas accrued through and prorated through the date of Closing of the sale.

6. At Closing, McIver will transfer his membership interest in Brady PO to Alphonso or his designee and will resign as a manager, and McIver Parties will assign their limited partnership interests in Loadcraft to Alphonso or his designee. The McIver Parties will waive and relinquish and all rights to any direct or indirect equity interests in Loadcraft and all options or other rights to acquire equity in the future will be terminated at Closing.

7. Effective as of, and conditioned upon, Closing, the McIver Parties and the Windows Parties do hereby release the Alphonso Parties and the Alphonso Parties do hereby release the McIver Parties and the Windows Parties from all claims of every kind and character, whether direct or derivative, in tort or in contact, at law or in equity, known or unknown, to the broadest extent allowed by law, through the date of the Closing, except the "Reserved Claims", which shall be specifically reserved and not released. These releases include the release of all equity owners, officers, directors, managers, members, agents, representatives, consultants, attorneys, employees, and affiliates of the Parties.

8. In the order approving this Agreement, Loadcraft will obtain court approval to, and grant, a lien on the Brownwood property in favor of federal and state taxing authorities to secure any potential Trust Fund tax claims against individuals. In the event that a taxing authority proposes to assess a penalty against an individual due to the non-payment of Trust Fund taxes, including the issuance by the IRS of a section 1153 letter proposing to assess a penalty against the individual, under IRC section 6672, Loadcraft shall timely pay the reasonable and necessary fees and costs incurred by the individual for counsel in connection with any objection or protest by the individual. In the event a taxing authority obtains an adjudication of liability against an individual or files a lien against such individual's assets, Loadcraft shall pay the taxes assessed to the taxing authority, subject to Loadcraft's ability to contest the amount of any such assessment. In the event Loadcraft fails to meet its obligations to the individual, the individual shall be subrogated to the rights of the taxing authority under the lien and may declare a default under the lien documents and exercise all remedies under the lien documents after thirty days' notice to Loadcraft. The Parties will agree on the form of the lien documents, consistent with these terms, prior to, and as a condition to, obtaining Bankruptcy Court approval. For the purposes of this agreement, Trust Fund taxes shall be the amount of taxes which Loadcraft was required to remit to a governmental authority for which the non-payment would create personal liability for an individual.

9. On or before April 1, 2022, Glider will enter into a contract with Western to sell the Brady Building and Loadcraft will enter into a contract to with Western to sell the Brady Personal Property, subject to Bankruptcy Court approval (the "Western Contracts"). The obligations of the Parties under this Agreement are conditioned upon the entry of an order by the Bankruptcy Court



approving this Agreement and the Western Agreements, and the simultaneous closing of the Western Contracts. If those conditions are not satisfied, this agreement will be null and void.

10. Upon the execution of this Agreement by all Parties and the execution of the Western Contracts, the Debtor will file a motion by no later than April 1, 2022 under Bankruptcy to approve this Agreement), contingent only upon closing of the purchase of the Brady Building and personal property. The closing of the transactions contemplated by this Agreement shall close and fund simultaneously with the closing of the Western Contracts.

11. "Reserved Claims" as used herein, shall mean all claims by Loadcraft against Glider, McIver, Weatherman and Nash related to any transfer or assertion of ownership interest or co-inventor rights in intellectual property allegedly developed by Loadcraft, related to patents taken in the name of McIver, Weatherman and Nash, as well as the transfer by Loadcraft of intellectual property to Glider. All related claims and defenses of Glider, McIver Weatherman and Nash are also "Reserved Claims." In addition, "Reserved Claims" shall include any claims of any party for a declaratory judgment to determine the validity of such party's' claims or assertion of ownership interest or co-inventor rights in intellectual property allegedly developed by Loadcraft. Reserved Claims will include the claims of any Party for the recovery of attorneys' fees to which a party may be entitled under Texas law but shall not include exemplary damages. The Glider Litigation shall be dismissed (either by agreed order of non-suit or agreed order of dismissal) within three (3) business days of the closing of the Transactions. All claims, save and except claims that are Reserved Claims, shall be dismissed with prejudice. The Reserved Claims shall be preserved. To the extent the automatic stay under 11 USC 362 applies to the rights of any parties in the litigation of the Reserved Claims, the stay will not apply to any counterclaim asserted by parties to Reserved Claims that are asserted in any litigation by Loadcraft. Any action brought by Loadcraft on the Reserved Claims shall be brought in the pending Bankruptcy Case and the parties hereby consent to the removal of any such action to the United Stated District Court. Loadcraft shall commence such action within ninety (90) days of Closing or all Reserved Claims will be waived.

12. The Parties agree to execute such other documents that are reasonably necessary to effectuate the intent of the transactions. If the Parties are unable to reach an agreement on any documents, any party shall have the right to seek relief from the Bankruptcy Court regarding the form of the documents to be signed.

13. This Agreement must be executed by all parties on or before March 29, 2022. Provided that this Agreement is timely executed by all Parties, McIver will agree to the continuance of the hearing on his motion to dismiss and the hearing on the debtor's motion to appoint a CRO until after April 1, 2022 and will agree to further continue the hearing on the motions until closing or termination of any of the Transactions if the motion to approve this Agreement is filed on or before April 1, 2022. McIver will withdraw his motion to dismiss at Closing. Windows will extend its purchase option until Closing, subject to the following earlier termination. If, at any time, Western exercises any rights it may have to terminate its purchase of the Brady Building or the Brady Personal Property, McIver may proceed with the motion and the purchase option will terminate. Any extension of the purchase option herein shall be without prejudice to Window's Operating's right to claim that the purchase option expired on December 31, 2021, as if no extensions have



been granted and to Loadcraft's right to contest the validity or seek the avoidance of the Sale/Leaseback transaction between Windows and Loadcraft.

14. This Agreement, and the obligations of the Parties under it, is specifically conditioned upon the approval of the United States Bankruptcy Court having jurisdiction of the Bankruptcy case of Loadcraft.

15. This Agreement contains the complete agreement and understanding between the Parties with respect to the subject matter hereof. All prior discussion, documents, negotiations or agreements with respect to the subject matter of this Agreement are superseded by this Agreement.

16. Each Party has had the opportunity to review this Agreement with counsel of their choice and fully understands the terms hereof. Each Party confirms and represents that in entering this Agreement, no Party has relied upon the representations of any other Party that are not specifically stated in this Agreement. Each Party has done their own independent investigation of the facts and circumstances related to the issues involved and the releases and undertakings described herein. The Parties understand and agree that such stipulation will preclude them from asserting that this Agreement was fraudulently induced.

17. This Agreement may be amended or modified only by an agreement in writing executed by all Parties.

18. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. Counterpart signature pages may be detached from separately delivered counterparts of this Agreement and attached to other, identical counterparts of this Agreement, or to a version of this Agreement that is identical to that from which the signature page was detached, n order to create a fully executed original version of this Agreement. Faxed and emailed signature pages shall be deemed originals for all purposes.

19. Each Party, and each of the individuals signing this Agreement on behalf of such Party, hereby represents and warrants to each other Party that: (i) each person signing this Agreement on behalf of such Party has full power and authority to execute and deliver this Agreement and is authorized to sign on behalf of such Party; and (ii) this Agreement has been duly and validly authorized, executed and delivered by such Party and not authorization or third party consent is required except from the United States Bankruptcy Court.

Agreed to and Accepted:

_____
Terry McIver

_____
Ruth Ann McIver

_____
Brady Plant Operators, LLC

By: Terry McIver
Its: Authorized Representative

*[signature]*
Huntland Properties, Ltd, LLC
By: Terry McIver
Its: Authorized Representative

*[signature]*
Huntland Resources, LLC
By: Terry McIver
Its: Authorized Representative

*Ruth Ann McIver*
Passerina Ciris, LLC
By:
Its: Authorized Representative

*[signature]*
Glider Manufacturing, LLC
By: Terry McIver
Its: Authorized Representative

*[DocuSigned by: Mike Ray]*
Window Operating, LLC
By: Mike Ray
Its: president

*[DocuSigned by: Mike Ray]*
Mike Ray

_____
B. Alphoso

Brian Alphonso
03/29/2022

_____
B. Alphoso

Alphonso Energy, LLC
By:
Its: Chief Executive Officer

_____
B. Alphoso

Glorious Splendor Too, LLC
By:
Its: Chief Executive Officer

_____

Loadcraft Industries, Ltd.
By:
Its:

_____
Brian Alphonso


_____
Alphonso Energy, LLC
By:
Its:


_____
Glorious Splendor Too, LLC
By:
Its:

*[signature]*
_____
Loadcraft Industries, Ltd.
By: CHARLES E. HINKLE
Its: CHIEF OPERATING OFFICER

(CEH)

_____
Charles Hinkle


_____
Xestor Outcomes, LLC
By: CHARLES E. HINKLE
Its: MEMBER/MANAGER

United States Bankruptcy Court

Western District of Texas

| | |
|---|---|
| In re: | Case No. 21-11018-tmd |
| Loadcraft Industries, Ltd. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0542-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 27, 2022 | Form ID: pdfintp | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol   Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 29, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Loadcraft Industries, Ltd., 3811 N. Bridge St., Brady, TX 76825-7840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 29, 2022           Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 27, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Callan Clark Searcy | on behalf of Creditor Texas Workforce Commission bk-csearcy@texasattorneygeneral.gov sherri.simpson@oag.texas.gov |
| Eric J. Taube | on behalf of Debtor Loadcraft Industries Ltd. eric.taube@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com |
| Gregory Friedman | on behalf of Creditor Window Operating Ltd gfriedman@bn-lawyers.com, gzeh@bn-lawyers.com |
| John C. Roy | on behalf of U.S. Trustee United States Trustee - AU12 casey.roy@usdoj.gov gary.wright3@usdoj.gov |
| Lee Gordon | on behalf of Creditor Texas Taxing Authorities vcovington@mvbalaw.com;kmorriss@mvbalaw.com;bankruptcy@mvbalaw.com;tleday@ecf.courtdrive.com;alocklin@mvbalaw.com |

| Name | Description |
|---|---|
| Mark Curtis Taylor | on behalf of Creditor Window Operating Ltd mark.taylor@wallerlaw.com, tammy.greenblum@wallerlaw.com;annmarie.jezisek@wallerlaw.com |
| Mark Curtis Taylor | on behalf of Debtor Loadcraft Industries Ltd. mark.taylor@wallerlaw.com, tammy.greenblum@wallerlaw.com;annmarie.jezisek@wallerlaw.com |
| Robert B. Wagstaff | on behalf of Plaintiff Glider Products LLC rwagstaff@mss.law lvann@mss.law;alivezey@mss.law |
| Robert B. Wagstaff | on behalf of Plaintiff Brady Plant Operators LLC rwagstaff@mss.law, lvann@mss.law;alivezey@mss.law |
| Robert B. Wagstaff | on behalf of Creditor Brady Plant Operators LLC rwagstaff@mss.law, lvann@mss.law;alivezey@mss.law |
| Robert B. Wagstaff | on behalf of Plaintiff Terry McIver rwagstaff@mss.law lvann@mss.law;alivezey@mss.law |
| Robert B. Wagstaff | on behalf of Creditor Terry McIver rwagstaff@mss.law lvann@mss.law;alivezey@mss.law |
| Shane P. Tobin | on behalf of U.S. Trustee United States Trustee - AU12 shane.p.tobin@usdoj.gov Carolyn.Feinstein@usdoj.gov;gary.wright3@usdoj.gov |
| Sheldon E. Richie | on behalf of Defendant Alphonso Energy LLC srichie@rg-austin.com receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Interested Party Alphonso Energy LLC srichie@rg-austin.com, receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Interested Party Glorious Splendor Too LLC srichie@rg-austin.com, receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Defendant Charles Hinkle srichie@rg-austin.com receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Defendant Nestor Outcomes LLC srichie@rg-austin.com receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Interested Party Charles Hinkle srichie@rg-austin.com receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Interested Party Brian Alphonso srichie@rg-austin.com receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Defendant Glorious Splendor Too LLC srichie@rg-austin.com, receipts@rg-austin.com |
| Sheldon E. Richie | on behalf of Interested Party Nestor Outcomes LLC srichie@rg-austin.com, receipts@rg-austin.com |
| Stephen A. Roberts | on behalf of Creditor Brady Plant Operators LLC sroberts@srobertslawfirm.com, 1222805420@filings.docketbird.com |
| Stephen A. Roberts | on behalf of Creditor Terry McIver sroberts@srobertslawfirm.com 1222805420@filings.docketbird.com |
| Stephen W. Sather | on behalf of Creditor Window Operating Ltd ssather@bn-lawyers.com, lbagley@bn-lawyers.com;gzeh@bn-lawyers.com;gfriedman@bn-lawyers.com;phammer@bn-lawyers.com |
| Tara LeDay | on behalf of Creditor Texas Taxing Authorities tara.leday@chamberlainlaw.com lisa.adair@chamberlainlaw.com;vcovington@mvbalaw.com;alocklin@mvbalaw.com;bankruptcy@mvbalaw.com;pbowers@mvbalaw.com;vjames@mvbalaw.com |
| United States Trustee - AU12 | ustpregion07.au.ecf@usdoj.gov |
| William R Nix, III | on behalf of Debtor Loadcraft Industries Ltd. trip.nix@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com |

TOTAL: 28