**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-tmd |
| | § | |
| | § | |

## DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

Eric J. Taube
Texas Bar No. 19679350
Mark C. Taylor
Texas Bar No. 19713225
WALLER LANSDEN DORTCH & DAVIS, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone: (512) 685-0000
Facsimile: (512) 685-6417

ATTORNEYS FOR DEBTOR

# TABLE OF CONTENTS

**ARTICLE I. INTRODUCTION**.................................................................................1

**ARTICLE II. DEFINITIONS, RULES OF INTERPRETATION, AND CONSTRUCTION OF TERMS**...............................................................................1

**ARTICLE III. DESIGNATION OF CLAIMS AND INTERESTS** ........................7

    3.1     Summary. ............................................................................................7
    3.2     Identification of Classes.......................................................................7
    3.3     Identification of Impaired and Unimpaired Classes. ............................8
    3.4     Impaired Classes Entitled to Vote........................................................8
    3.5     Impaired Classes Not Entitled to Vote.................................................8
    3.6     Controversy Concerning Classification, Impairment or Voting Rights..................8

**ARTICLE IV. PROVISIONS RELATED TO CERTAIN ADMINISTRATIVE CLAIMS** ..8

    4.1     Administrative Claims. ........................................................................8

**ARTICLE V. CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS** ...........................................................................................9

    5.1     Classified Claims. ...............................................................................9

**ARTICLE VI Treatment of Executory Contracts and Unexpired Leases** ............................11

    6.1     Assumption or Rejection of Executory Contracts and Unexpired Leases. ............11
    6.2     Objections to Assumption and Assignments of Executory Contracts and Unexpired Leases.................................................................11
    6.3     Payments Related to Assumption of Executory Contracts and Unexpired Leases.................................................................................12
    6.4     Bar Date for Rejection Damages. .......................................................12
    6.5     No Admission. ....................................................................................12
    6.6     Rejection of Executory Contracts. ......................................................12

**ARTICLE VII. CONDITIONS PRECEDENT** .....................................................13

    7.1     Conditions Precedent to Confirmation.................................................13
    7.2     Conditions Precedent to Effective Date...............................................13

**ARTICLE VIII. PROVISIONS GOVERNING DISTRIBUTIONS** .......................13

    8.1     Distributions Generally........................................................................13
    8.2     Distributions on Disputed Claims........................................................13
    8.3     Delivery of Distributions.....................................................................13
    8.4     Uncashed Checks. ...............................................................................14
    8.5     Compliance with Tax Requirements....................................................14

**ARTICLE IX. PROVISIONS FOR THE RESOLUTION OF OBJECTIONS TO CLAIMS AND EQUITY INTERESTS**..........................................................14

    9.1     Objections to Claims or Equity Interests. ...........................................14

9.2     Amendments to Claims; Claims filed After the Confirmation Date......................14

**ARTICLE X. MEANS FOR IMPLEMENTING PLAN** ........................................................**15**

10.1    Sources of Payments. ..............................................................................................15

**ARTICLE XI. EFFECT OF REJECTION BY ONE OR MORE CLASSES** ........................**15**

11.1    Impaired Classes to Vote. ......................................................................................15
11.2    Acceptance by Class. ..............................................................................................15
11.3    Reservation of Cramdown Rights. ..........................................................................16

**ARTICLE XII. EFFECT OF CONFIRMATION** .................................................................**16**

12.1    Generally..................................................................................................................16
12.2    Property....................................................................................................................16

**ARTICLE XIII. RETENTION OF JURISDICTION** ............................................................**16**

13.1    Exclusive Bankruptcy Court Jurisdiction. .............................................................16
13.2    Limitation on Jurisdiction. ......................................................................................17

**ARTICLE XIV. MISCELLANEOUS PROVISIONS** .............................................................**17**

14.1    Effectuating Documents and Further Transactions..................................................17
14.2    Severability. ............................................................................................................17
14.3    Final Allowance. ....................................................................................................18
14.4    Consummation. .......................................................................................................18
14.5    Distribution Agent. .................................................................................................18
14.6    Exemption from Certain Transfer Taxes and Recording Fees................................18
14.7    Further Authorization. .............................................................................................18
14.8    Means of Cash Payment...........................................................................................18
14.9    Setoffs. ....................................................................................................................19
14.10   Exculpation; Limitation of Liability; and Releases ...............................................19
14.11   Default.....................................................................................................................19
14.12   Amendment or Modification of This Plan. .............................................................19
14.13   Severability of Plan Provisions...............................................................................20
14.14   Revocation, Withdrawal, or Non-Consummation. .................................................20
14.15   Due Authorization by Claimants. ...........................................................................20
14.16   Filing of Additional Documentation. ......................................................................20
14.17   Governing Law. ......................................................................................................20
14.18   Successors and Assigns............................................................................................21
14.19   Notices. ...................................................................................................................21
14.20   U.S. Trustee Fees. ..................................................................................................21
14.21   Implementation. ......................................................................................................22
14.22   No admission. .........................................................................................................22
14.23   Conflicts..................................................................................................................22

Loadcraft Industries, Ltd. ("**Debtor**" or "**Loadcraft**") submits this proposed Plan of Reorganization (the "**Plan**"). A discussion of the Debtor's history, business, properties and results of operations, and a summary of this Plan and certain related matters, can be found in the Disclosure Statement (the "**Disclosure Statement**") filed by the Debtor in support of this Plan.

## ARTICLE I.
## INTRODUCTION

The Debtor proposes the following Plan pursuant to the provisions of Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Capitalized terms used in this Plan and not otherwise defined shall have the meanings ascribed to them in Article II of this Plan or, if not defined therein, in Section 101 of the Code.

Reference is hereby made to the Disclosure Statement, which discusses the history of the Debtor and their business, management, assets and liabilities. The Disclosure Statement also provides a summary of this Plan. ***You are urged to read the Disclosure statement with care in evaluating how this Plan will affect your Claim(s).***

## ARTICLE II.
## DEFINITIONS, RULES OF INTERPRETATION, AND CONSTRUCTION OF TERMS

For purposes of this Plan, any reference in this Plan to an existing document or exhibit filed or to be filed means that document or exhibit as it may have been or may be amended, supplemented, or otherwise modified.

The words "**herein,**" "**hereof**" and "**hereunder**" and other words of similar import refer to this Plan as a whole and not to any particular section, subsection or clause contained in this Plan, unless the context requires otherwise. The word "**including**" as used in this Plan means "**including, without limitation.**" The word "**or**" when used in this Plan means "**and/or**" unless the context clearly indicates otherwise. Whenever from the context it appears appropriate, each term stated in either the singular or the plural includes the singular and the plural, and pronouns

stated in the masculine, feminine or neuter gender include the masculine, feminine and the neuter.

The section headings contained in this Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of this Plan.

In computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

(a) "**Administrative Claim**" means a Claim for costs and expenses of administration of the Bankruptcy Cases allowed under sections 503, 507(a)(2) or 507(b) of the Bankruptcy Code and approved by Final Order of the Bankruptcy Court, and all fees and costs assessed against the Estates pursuant to 28 U.S.C. § 1930. The term includes Professional Claims, Post- Petition Tax Claims, and Post-Confirmation Administrative Claims.

(b) "**Allowed**" means with reference to a Claim or any portion thereof (a) a Claim against a Debtor, proof of which, if required, was filed on or before the Bar Date, which is not a Disputed Claim; (b) an unknown Claim allowed hereunder or by a Final Order or (c) a Claim which has been scheduled by a Debtor and is not listed as "**disputed**", "**contingent**" or "**unliquidated**". An Allowed Claim does not include any Claim, or portion thereof, which is a Disallowed Claim or which has been subsequently withdrawn, disallowed, released or waived by the holder thereof or pursuant to a Final Order. Unless otherwise specifically provided in this Plan, or by a Final Order of the Court, an Allowed Claim shall not include any amount for punitive or exemplary damages, penalties, fines or post-petition interest.

(c) "**Allowance Date**" means the date on which a claim becomes an Allowed Claim, unless such Claim is "**Allowed**" solely under clause (b) of the definition of such term, in which case, the Allowance Date shall be no earlier than the day after the last day for filing objections to proofs of Claim under this Plan.

(d) "**Ballot**" means the form(s) distributed to holders of impaired Claims on which is to be indicated the acceptance or rejection of the Plan and whether the holder or such Claim agrees to the releases of third parties provided in the Plan.

(e) "**Bankruptcy Case**" means the bankruptcy cases of the Debtor, pending as Case No. 21-11018-tmd in the United States Bankruptcy Court for the Western District of Texas, Austin Division.

(f) "**Bankruptcy Code**" means title 11 of the United States Code, and applicable portions of titles 18 and 28 of the United States Code.

(g) "**Bankruptcy Court**" means the United States Bankruptcy Court for the Western District of Texas, Austin Division, or, if such court ceases to exercise jurisdiction, the court or adjunct thereof that exercises jurisdiction over the Bankruptcy Case.

(h)     "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended and promulgated under section 2075 of title 28 of the United States Code, together with the local bankruptcy rules for the Bankruptcy Court as now in effect or as the same may from time to time hereafter be amended.

(i)     "**Bar Date**" means the date set by the Bankruptcy Court as the last day for filing of proofs of Claim in the Bankruptcy Cases, which is May 2, 2022 for non-governmental entities, and 180 days from the Petition Date for governmental entities.

(j)     "**Books and Records**" means the books and records of the Debtor which are kept by or on behalf of the Debtor in the ordinary course of business, including, without limitation, all engineering reports, architectural plans, site plans and any drafts of the foregoing that relate to the Debtor including its property (whether currently or formerly owned), along with any permits, correspondence, bank accounts, tax records, corporate records, accounting records, software, computers, franchise tax matters and any other records of the Debtor whether in the possession of the Debtor, its manager, officers, directors, shareholders or any accountants, lawyers, brokers or any other Person.

(k)     "**Brownwood Facility**" shall mean the real property, improvements and persona property owned by the Debtor, located at 1001 Gifford Street, Brownwood, Texas.

(l)     "**Business Day**" means any day which is not a Saturday, a Sunday, or a legal holiday within the meaning of Bankruptcy Rule 9006(a).

(m)     "**Claim**" has the meaning set forth in Section 101(5) of the Bankruptcy Code.

(n)     "**Claimant**" means the holder of a Claim.

(o)     "**Confirmation Date**" means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on its docket.

(p)     "**Confirmation Hearing**" means the hearing or hearings which will be held before the Bankruptcy Court under Bankruptcy Code § 1128 at which the Confirmation of this Plan will be requested.

(q)     "**Confirmation Order**" means an order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code, as such order may be amended, modified, or supplemented.

(r)     "**Convenience Claim**" means any General Unsecured Claim that is Allowed in an amount of five hundred dollars ($500) or less; provided, however that (1) any Claim that was Allowed in excess of five hundred dollars ($500) may not be subdivided into multiple Claims of five hundred dollars ($500) or less for purposes of receiving treatment as a Convenience Claim, and (2) Claims in the same Class held by a Claimant shall be aggregated for purposes of determining whether such Claims are eligible to be Convenience Claims.

(s)     "**Debtor**" has the meaning set forth in the preamble to this Plan.

(t)     "**Deficiency Claim**" means any portion of a Claim (i) to the extent the value of the holder's interest in the property securing such Claim is less than the amount of such Claim or (ii) to the extent the amount of a Claim is subject to setoff is less than the amount of the Claim, each as determined by Section 506(b) of the Bankruptcy Code.

(u)     "**Disallowed Claim**" means a Claim or portion thereof that (i) has been disallowed by a Final Order; or (ii) was not filed by the Bar Date.

(v)     "**Disclosure Statement**" means the Disclosure Statement with respect to this Plan, as approved by the Bankruptcy Court as containing adequate information for the purpose of dissemination and solicitation of votes on and confirmation of this Plan, as such Disclosure Schedule may be altered, amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

(w)     "**Disposition**", "**Disposed of**" and other forms of the word "**Dispose**", when capitalized herein, refer to the sale, transfer, or other hypothecation of an asset to a person other than the Debtor.

(x)     "**Disputed Claim**" means a Claim, or any portion thereof, that is set forth in a filed Proof of Claim (a)that differs in nature, amount or priority from the Bankruptcy Schedules, or (b) that is the subject of an objection filed by the Debtor or any other party-in-interest and which objection has not been withdrawn or overruled by a Final Order of the Bankruptcy Court; provided, however, that with respect to an Administrative Claim, "**Disputed Claim**" means an Administrative Claim that is not an Allowed Claim or a Disallowed Claim.

(y)     "**Disputed Claims Reserves**" means the reserve account established pursuant to this Plan.

(z)     "**Distribution**" means a distribution of money or property pursuant to the provisions of this Plan.

(aa)     "**Distribution Agent**" shall be the person designated by the Debtor to make distributions under the Plan. With respect to all Classes, the Reorganized Debtor shall act as the Distribution Agent.

(bb)     "**Distribution Date**" means any date on or after the Effective Date on which distributions of Available Cash should be made pursuant to this Plan.

(cc)     "**Effective Date**" means the first Business Day following fourteen days from confirmation of the Plan and on which no stay of the Confirmation Order is in effect and all conditions to the effectiveness of the Plan have been satisfied or waived.

(dd)     "**Equity Interest**" means any ownership interest or share in the Debtor (including, without limitation, all options, warrants or other rights to obtain such an interest or share in the Debtor) whether or not transferable, preferred, common, voting, or denominated "**stock**" or a similar security.

(ee)     "**Estate**" means, as to each Debtor, the estate created for such Debtor pursuant to section 541 of the Bankruptcy Code.

(ff)     "**Estate Causes of Action**" means any and all rights, claims and causes of actions which a Debtor or other appropriate party in interest would be able to assert on behalf of an Estate under applicable state or federal common law, any state or federal statute or the avoidance statutes of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551 and 553.

(gg)     "**Exculpated Party**" or "**Exculpated Parties**" means the Debtor and their agents, officers, directors, managers, employees, representatives, attorneys, advisors affiliates, shareholders, or members, or any of their successors or assigns

(hh)     "**Executory Contract**" means, collectively, "**executory contracts**" and "**unexpired leases**" of the Debtor as of the Petition Date, as such terms are used in section 365 of the Bankruptcy Code.

(ii)     "**Final Decree**" means the final decree entered by the Bankruptcy Court on or after the Effective Date pursuant to Bankruptcy Rule 3022.

(jj)     "**Final Order**" means an order or judgment (a) as to which time to appeal, petition for certiorari or move for re-argument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceeding for re-argument or rehearing shall then be pending; or (b) in the event an appeal, writ of certiorari, or motion for re-argument or rehearing has been filed or sought, such order or judgment shall have been affirmed by the highest court to which such order or judgment was appealed, or certiorari has been denied, or from which a motion for re-argument or rehearing was sought, and the time to take any further appeal, petition for certiorari, or move for re-argument or rehearing shall have expired; provided, however, that no order or judgment shall fail to be a Final Order solely because of the filing or pendency of a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure unless such motion shall have been filed within ten (10) days of the entry of the order or judgment at issue.

(kk)     "**General Unsecured Claim**" means any Claim that is not an Administrative Claim, a Priority Claim, a Priority Tax Claim, a Secured Claim, or a Convenience Class Claim and shall include any Claim arising from the rejection of an Executory Contract pursuant to 11 U.S.C. § 365.

(ll)     "**Governmental Unit**" means a governmental unit as such term is defined in section 101(27) of the Bankruptcy Code.

(mm)     "**Lien**" means a valid and enforceable lien, mortgage, security interest, pledge, charge, encumbrance, or other legally cognizable security device of any kind.

(nn)     "**Notice Parties**" means the Debtor, the Debtor' counsel, and all persons requesting notice in the Bankruptcy Case.

(oo)     "**Ordinary Course of Business**" shall have the meaning provided under 11 U.S.C. § 363 and judicial interpretations thereof.

(pp)    "**Person**" means and includes natural persons, corporations, limited partnerships, general partnerships, joint ventures, trusts, land trusts, business trusts, unincorporated organizations, or other legal entities, irrespective of whether they are governments, agencies or political subdivisions thereof.

(qq)    "**Petition Date**" means December 30, 2021.

(rr)    "**Plan**" means this Chapter 11 Plan, either in its present form or as it may be altered, amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

(ss)    "**Plan Supplement**" means all documents, forms, lists, and agreements contemplated under the Plan to effectuate the terms and conditions hereof.

(tt)    "**Post-Petition Tax Claims**" has the meaning set forth in Section 4.1(c)(iii).

(uu)    "**Priority Claim**" means a Claim entitled to priority in payment under section 507(a) of the Bankruptcy Code, excluding any Claim that is an Administrative Claim or a Priority Tax Claim.

(vv)    "**Priority Tax Claim**" means a Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

(ww)    "**Pro Rata Share**" means, with respect to any distribution to a Class under this Plan, as of any particular Distribution Date, proportionate sharing pursuant to which (a) the ratio that the cumulative amount of all funds distributed or reserved on account of each Claim in such Class bears to the amount of such Claim is equal to (b) the ratio that the cumulative amount distributed or reserved on account of all Claims in such Class bears to the total amount of all Claims in such Class that are entitled to receive a distribution or against which a reserve is required to be made.

(xx)    "**Professional**" means any Person employed or to be compensated pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code.

(yy)    "**Professional Claim**" means a Claim by a Professional for compensation and/or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code in connection with an application made to the Bankruptcy Court in the Bankruptcy Cases.

(zz)    "**Reserved Causes of Action**" means those claims and causes of action specified in the Disclosure Statement as constituting Reserved Causes of action.

(aaa)    "**Schedules**" means the Schedules and Statement of Financial Affairs filed by the respective Debtor with the clerk of the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been or may be amended or supplemented from time to time in accordance with Bankruptcy Rule 1009.

(bbb)   "**Secured Claim**" means any Claim or portion thereof against the Debtor that is reflected in a proof of Claim or otherwise asserted as secured by a perfected Security Interest in, or Lien on, any property of one or both of the Debtor, or the net proceeds from the sale of such property, in which a Debtor has an interest, to the extent of the value, as of the Petition Date (or such other date as is established by the Bankruptcy Court) of such security interest or Lien as determined by a non-appealable Final Order pursuant to section 506 of the Bankruptcy Code or as otherwise agreed in writing by the holder of such Claim and (i) a Debtor (if such agreement is effectuated prior to the Effective Date), or (ii) a Setoff Claim.

(ccc)   "**Security Interest**" has the meaning ascribed to such term in section 101(51) of the Bankruptcy Code.

(ddd)   "**Senior in Priority**" means, as to any of the following Classes or categories of unsecured Claims, classes or categories that have a higher priority, in the following descending order: (a) first, Administrative Claims; (b) Third, Priority Tax Claims; and (c) third, General Unsecured Claims.

(eee)   "**Substantial Consummation**" means the accomplishment of the transactions required under Article VII of this Plan, in accordance with Bankruptcy Code § 1101(2).

(fff)   "**Trust Fund Taxes**" means the amount of taxes that the Debtor is required to remit to a governmental authority for which the non-payment would create personal liability for an individual.

## ARTICLE III.
## DESIGNATION OF CLAIMS AND INTERESTS

3.1   **Summary.**

(a)   Pursuant to Bankruptcy Code section 1122, a Claim or Equity Interest is placed in a particular Class for purposes of voting on this Plan and receiving Distributions under this Plan only to the extent (i) the Claim or Equity Interest qualifies within the description of that Class; and (ii) the Claim or Equity Interest is an Allowed Claim or Allowed Equity Interest in that Class.

(b)   A Claim or Equity Interest which is not an Allowed Claim or Allowed Equity Interest is not in any Class, and notwithstanding anything to the contrary contained in this Plan, no Distribution shall be made on account of any Claim or Equity Interest which is not an Allowed Claim or Allowed Equity Interest.

3.2   **Identification of Classes.**

1)   Class I: Administrative
2)   Class II: Priority Tax/Secured Claims
3)   Class III: Priority Non-Tax Claims
4)   Class IV: Allowed General Unsecured Claims
5)   Class V: Allowed Convenience Class Claims.
6)   Class VI: Equity Interests

3.3    **Identification of Impaired and Unimpaired Classes.**

All classes of claims are impaired except Class I and II.

3.4    **Impaired Classes Entitled to Vote.**

All classes of claims are entitled to vote except Classes I and II.

3.5    **Impaired Classes Not Entitled to Vote.**

Class VI.

3.6    **Controversy Concerning Classification, Impairment or Voting Rights.**

In the event a controversy or dispute should arise involving issues related to the classification, impairment or voting rights of any Creditor or Claimant under this Plan, whether before or after the Confirmation Date, the Bankruptcy Court may, after notice and a hearing, determine such controversy. Without limiting the foregoing, the Bankruptcy Court may estimate for voting purposes (i) the amount of any contingent or unliquidated Claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of these Bankruptcy Cases; and (ii) any right to payment arising from an equitable remedy for breach of performance. In addition, the Bankruptcy Court may, in accordance with section 506(b) of the Bankruptcy Code, conduct valuation hearings to determine the Allowed amount of any Secured Claim. Any class not occupied at the time of the Confirmation hearing shall be deemed eliminated.

## ARTICLE IV.
## PROVISIONS RELATED TO CERTAIN ADMINISTRATIVE CLAIMS

4.1    **Administrative Claims.**

(a)    **General:** Subject to the subsection 4.1(c), unless otherwise agreed to by such holder, on each Distribution Date, each holder of an Allowed Administrative Claim shall receive from the Distribution Agent an amount equal to the (1) Allowed Administrative Claim or (2) such amount as may be agreed to between the holder of such claim and the Debtor.

(b)    **Payment of Statutory Fees:** All fees payable pursuant to 28 U.S.C. §1930 shall be paid in cash, when due.

(c)    **Bar Date for Administrative Claims:**

(i)    **General Provisions:** Except as otherwise provided in this Article IV, requests for payment of Administrative Claims must be included within a motion or application and filed no later than thirty  (30) days after the Effective Date or by such earlier deadline governing a particular Administrative Claim contained in an order of the Bankruptcy Court entered before the Effective Date. Holders of Administrative Claims who do not file such requests by the applicable bar date specified in this subsection shall be forever barred from asserting such Claims against the Debtor or any of their respective property. Requests for payment

of Administrative Claims included within a proof of claim are of no force and effect, and are disallowed in their entirety as of the Confirmation Date unless such Administrative Claim is subsequently filed in a timely fashion as provided herein.

        (ii)    **Professionals:** All professionals or other entities requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered before the Effective Date (including, without limitation, any compensation requested by any professional or any other entity for making a substantial contribution in the Debtor' Bankruptcy Cases) shall file and serve on the Notice Parties an application for final allowance of compensation and reimbursement of expenses no later than forty-five (45) days after the Effective Date. Objections to applications of professionals for compensation or reimbursement of expenses must be filed and served on the Notice Parties and the professionals to whose application the objections are addressed no later than twenty-one (21) days after the date on which the application for allowance is served.

        (iii)    **Post-Petition Tax Claims:** All requests for payment of Administrative Claims and other Claims by a Governmental Unit for taxes (and for interest and/or penalties related to such taxes) for any tax year or period, which accrued or were assessed within the period from and including the Petition Date through and including the Effective Date ("**Post-Petition Tax Claims**") and for which no bar date has otherwise been previously established, must be filed on or before the later of (i) forty-five (45) days following the Effective Date; and (ii) ninety (90) days following the filing with the applicable Governmental Unit of the tax return for such taxes for such tax year or period. Any holder of any Post-Petition Tax Claim that is required to file a request for payment of such taxes and does not file such a Claim by the applicable bar date shall be forever barred from asserting any such Post-Petition Tax Claim against the Debtor or their property, whether any such Post- Petition Tax Claim is deemed to arise prior to, on, or after the Effective Date.

## ARTICLE V.
## CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

    5.1    **Classified Claims.**

    5.1.1    Class I – Administrative Claims. Each holder of an Allowed Administrative Claim shall receive from the Debtor with respect to such Allowed Claim, either (i) the amount of such Allowed Claim from the Debtor, in one (1) cash payment on the later of (a) the Effective Date, (b) the date that is sixty (60) days after a request for payment of the Claim is filed, (c) the date that is twenty (20) days after the Claim becomes an Allowed Claim; or (ii) such other treatment as may be agreed upon in writing by such holder; provided, however, that an Allowed Administrative Claim representing a liability incurred in the ordinary course of business shall be paid by the Debtor upon presentment or otherwise in accordance with the terms of the particular transaction and any agreements relating thereto. This Class is unimpaired.

    5.1.2    Class II – Priority Tax/Secured Claims. Each holder of a Class II Secured Tax Claim, if any exist, shall receive payment of its Allowed Claim, in full, within sixty (60) months from the Petition Date, with statutory interest accruing from the Petition Date, in equal monthly payments beginning sixty (60) days from the Effective Date. If the Reorganized Debtor sells the

Brownwood Facility, the remaining amounts of all Priority Tax/Secured Claims shall be paid from the proceeds, with any deficiency paid over the remaining months of the 60-month term.

*Lien for Trust Fund Taxes*. Any state or federal tax authority that holds an Allowed Claim for Trust Fund Taxes shall hold, as of the Effective Date, a lien against the Brownwood Facility for unpaid Trust Fund Taxes until such time as the Allowed Claim for such Trust Fund Taxes is paid. Any beneficiary of such a lien shall not be entitled to enforce, or foreclose such lien unless the Debtor defaults under this Plan, and the default remains uncured, pursuant to the provisions of this Plan. The Reorganized Debtor shall have the right to sell the Brownwood Facility free and clear of such lien so long as all proceeds from the sale, net of usual and typical closing costs, are paid to satisfy the unpaid Trust Fund Taxes, even if such Allowed Claim for Trust Fund Taxes are not fully satisfied.

5.1.3   Class III - Allowed Priority Non-Tax Claims. Allowed Priority Non-Tax Claims will be paid in full over sixty (60) months in equal monthly amounts.

5.1.4   Class IV - Allowed General Unsecured Claims. Holders of Allowed General Unsecured Claims will receive pro-rata distributions representing ten percent (10%) of their Allowed Claim, paid in equal quarterly installments over a forty-eight (48) month period beginning September 30, 2022. In addition, Holders of Allowed General Unsecured Claims will receive pro-rata distributions of 10% of proceeds received from the prosecution, sale or settlement of the Reserved Claims, net of attorneys' fees and costs paid by the Reorganized Debtor or related parties in connection with the prosecution of such claims. The Reorganized Debtor shall have the right to dispose of, sell, abandon or compromise the Reserved Claims in the exercise of its business judgment. This Class is impaired.

5.1.5   Class V – Allowed Convenience Class Claims. Holders of Allowed General Unsecured Claims  whose claims are at or below $500.00, or any other Allowed General Unsecured Claim which elects to be treated as an Allowed Convenience Class Claim, will receive 100% of their Allowed Claim in two (2) equal monthly payments on the 60th and 90th day following the Effective Date. This Class is impaired.

5.1.6   Class VI - Equity Interests. Existing Equity Interests shall be canceled, and new equity interests (i.e. limited partnership interests)shall be issued to Brian Alphonso [67%] and Charles Hinkle [32%], or entities designated by them prior to the Confirmation Hearing, in return for cancellation of all indebtedness owed to each of them, Alphonso Energy, LLC and/or Nestor Outcomes, LLC (other than the Post-Petition amounts provided by Alphonso Energy LLC and Glorious Splendor, LLC, entities owned by Brian Alphonso). The general partner shall hold a 1% limited partnership interest in the Reorganized Debtor.

5.1.7   Payments to U.S. Trustee. Debtor shall make the payments and file all reports required by 28 U.S.C. § 1930(a)(6) until the Bankruptcy Case is closed, converted or dismissed.

## ARTICLE VI
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     **Assumption or Rejection of Executory Contracts and Unexpired Leases**.

On the Effective Date, except as otherwise provided in the Plan and/or designated in a List of Contracts to be Assumed ( the "**Assumption List**") filed twenty-one (21) days prior to the date of the Confirmation Hearing, any unexpired lease or executory contract that has not been previously assumed or rejected by the Debtor pursuant to an order of the Bankruptcy Court (including any distribution agreement) shall be deemed rejected by the Debtor under Sections 365(a) and 1123 of the Bankruptcy Code, other than those executory contracts and unexpired leases that are (a) identified in the Plan or the Assumption List or (b) subject to a motion to assume that is pending on the Effective Date. Entry of the Confirmation Order shall constitute approval of such assumptions, and the rejection of the executory contracts or unexpired leases. Any motions to assume executory contracts and unexpired leases pending on the Effective Date shall be subject to approval by the Bankruptcy Court on or after the Effective Date by a Final Order.

6.2     **Objections to Assumption and Assignments of Executory Contracts and Unexpired Leases**.

To the extent that any party to an executory contract or unexpired lease identified for assumption, or any other party in interest, (a) asserts arrearages or damages pursuant to § 365(b)(1) of the Bankruptcy Code in an amount different from the amount, if any, set forth in Exhibit C, (b) has any objection to the proposed adequate assurance of future performance, if required, or (c) has any other objection to the proposed assumption, cure, or assignment of a particular executory contract or unexpired lease on the terms and conditions provided for herein, all such asserted arrearages and any other objections shall be filed and served within the same deadline and in the same manner established for filing objections to Confirmation.

Failure to assert any arrearages different from the amount set forth in the Assumption List, or to file an objection within the time period set forth above, shall constitute consent to the assumption, cure, and assignment on the terms provided for herein, including acknowledgment that (a) the Debtor (or its assignee) has provided adequate assurance of future performance, if required, (b) the amount identified for "**cure,**" if any, is the amount necessary to compensate for any and all outstanding defaults or actual pecuniary loss under the executory contract or unexpired lease to be assumed, and (c) no other defaults exist under such executory contract or unexpired lease.

If an objection to assumption and assignment is filed based upon lack of adequate assurance of future performance or otherwise, and the Court determines that the Debtor cannot assume the executory contract or unexpired lease either as proposed or as may be proposed pursuant to a modified proposal submitted by the Debtor, then the unexpired lease or executory contract shall automatically thereupon be deemed to have been rejected.

6.3 **Payments Related to Assumption of Executory Contracts and Unexpired Leases.**

Any monetary defaults, including claims for actual pecuniary loss, under each executory contract and unexpired lease to be assumed under the Plan shall be satisfied, pursuant to Section 365(b)(1) of the Bankruptcy Code, by payment of the cure amount, if any, as otherwise agreed by the parties, or as ordered by the Bankruptcy Court in Cash within 90 days following the Effective Date, or on such other terms as may be agreed to by the parties to such executory contract or unexpired lease. In the event of a dispute regarding (a) the amount of any cure or pecuniary loss payment, (b) the ability of Reorganized Debtor to provide adequate assurance of future performance under the contract or lease to be assumed, if required, or (c) any other matter pertaining to assumption, the cure or pecuniary loss payments required by § 365(b)(1) of the Bankruptcy Code shall be made within a reasonable time following entry of a Final Order resolving the dispute and approving assumption.

6.4 **Bar Date for Rejection Damages.**

If the rejection of an executory contract or unexpired lease pursuant to Article VI of the Plan gives rise to a Claim by the other party or parties to such contract or lease, such Claim, to the extent that it is timely filed and is a Allowed Claim, shall be classified in Class VII; provided, however, that the Unsecured Claim arising from rejection shall be forever barred and shall not be enforceable against a Debtor, Reorganized Debtor, its successor or properties, unless a proof of Claim is filed and served on the Reorganized Debtor within 30 days after the date of the notice of the entry of an order of the Bankruptcy Court authorizing rejection of the executory contract or unexpired lease, which order may be the Confirmation Order.

6.5 **No Admission.**

The listing by the Debtor of any contract or lease as an "**executory contract**" cannot be construed as an admission that such contract or lease is actually an executory contract under 11 U.S.C. §365 and shall not be a binding admission against the Debtor or Reorganized Debtor.

6.6 **Rejection of Executory Contracts.**

Any and all Executory Contracts of the Debtor which, as of the Effective Date, have not been assumed or rejected, shall be deemed rejected. Any Claim arising out of the rejection of an Executory Contract shall be filed and served on counsel for the Debtor within thirty (30) days from the Effective Date. Any such Claims not filed by such date shall be discharged and forever barred. All creditors and parties in interest shall be authorized to file an objection to any proof of Claim based on the rejection of an Executory Contract pursuant to this Plan. The objection to any such proof of Claim shall be filed not later than one hundred and twenty days (120) after the Effective Date. Each Allowed Claim arising from the rejection of an Executory Contract shall be treated as an Allowed Class III General Unsecured Claim.

## ARTICLE VII.
## CONDITIONS PRECEDENT

7.1    **Conditions Precedent to Confirmation**.

This Plan shall not be confirmed unless and until the Bankruptcy Court has entered the Confirmation Order in a form and substance satisfactory to the Debtor in their sole discretion.

7.2    **Conditions Precedent to Effective Date.**

This Plan shall not become effective and operative unless and until the Effective Date occurs. The Effective Date shall occur after the following conditions have been satisfied; provided, however, that the Debtor in their sole discretion may waive any or all of the following conditions, whereupon the Effective Date shall occur without further action by any Person:

(a)    the Confirmation Order shall have been entered by the Bankruptcy Court and shall not be subject to a stay; and

(b)    the Bankruptcy Court shall have determined that the Debtor are duly authorized to take actions contemplated in the Plan; and

(c)    all other agreements contemplated by, or entered into pursuant to the Plan, shall have been duly and validly executed and delivered by the parties thereto and all conditions to their effectiveness shall have been satisfied or waived.

## ARTICLE VIII.
## PROVISIONS GOVERNING DISTRIBUTIONS

8.1    **Distributions Generally**.

Distributions contemplated by the Plan shall be made by the Reorganized Debtor to all Allowed Secured Claims, all holders of executory contracts and unexpired leases assumed under Article VI and all Allowed Administrative Claims.

8.2    **Distributions on Disputed Claims.**

In the event of a Distribution to holders of Claims in a class or category in which there exist any Disputed Claims, the Reorganized Debtor shall not be required to make a Distribution until the disputed Claim becomes an Allowed Claim.

8.3    **Delivery of Distributions.**

Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims will be made by mail (1) at the address of each such holder as set forth on the proofs of claim filed by such holders, or (2) at the address reflected in the Schedules filed by the Debtor if no proof of claim is filed. If any Distribution is returned as undeliverable, the Reorganized Debtor shall use reasonable efforts to determine such Claimant's then current address. After reasonable efforts, if the Reorganized Debtor still cannot determine such Claimant's then-current address, no further

Distributions shall be made to such Claimant unless and until they are notified of such Claimant's then-current address. If the current address of a Claimant entitled to a Distribution has not been determined within six (6) months of the date on which the Distribution was first attempted to be made, then such Claimant: (i) shall no longer be a Claimant; and (ii) shall be deemed to have released such Claim.

8.4    **Uncashed Checks.**

Checks issued in respect of Allowed Claims will be null and void if not negotiated within ninety (90) days after the date of issuance thereof, and such Claimant will forfeit its right to such Distribution. In no event shall any funds escheat to the State of Texas.

8.5    **Compliance with Tax Requirements.**

In connection with this Plan, to the extent applicable, the Distribution Agent shall comply with all withholding and reporting requirements imposed on it by any Governmental Unit, and all Distributions pursuant to this Plan shall be subject to such withholding and reporting requirements.

# ARTICLE IX.
## PROVISIONS FOR THE RESOLUTION OF OBJECTIONS
## TO CLAIMS AND EQUITY INTERESTS

9.1    **Objections to Claims or Equity Interests.**

Notwithstanding the occurrence of the Effective Date, and except as to any Claim that has been Allowed before the Effective Date including any order of the Bankruptcy Court pursuant to §506 of the Bankruptcy Code, only the Reorganized Debtor may object to the Allowance of any Claim against the Debtor or seek estimation of any Claim on any grounds permitted by the Bankruptcy Code. All objections to Claims must be brought by filing the appropriate pleading in the Bankruptcy Court before the first Business Day that is 60 days after the Effective Date, but the Bankruptcy Court may approve a later date on the Reorganized Debtor's motion filed (but not necessarily heard) before the first Business Day that is 60 days after the Effective Date. Debtor may contest the amount of attorney's fees and interest sought by any creditor. ***Debtor reserves the right to object to or seek estimation of any claims. A VOTE FOR THE PLAN WILL NOT EXCULPATE OR EXCLUDE ANY CLAIMANT FROM HAVING ITS CLAIM OBJECTED TO OR BE DEEMED AN ALLOWANCE OF SUCH CLAIM.***

Prior to the expiration of thirty (30) days from the date of service of the objection, the Claimant whose Claim or Equity Interest was the subject of the objection must file with the Bankruptcy Court and serve a response to the objection upon the party who filed such objection, and the Debtor. Failure to file and serve such a response within the thirty (30) days shall cause the Bankruptcy Court to grant the relief requested in the objection.

9.2    **Amendments to Claims; Claims filed After the Confirmation Date.**

Except as otherwise provided in this Plan, a Claim may not be filed with the Bankruptcy Court or amended after the Confirmation Date without the prior authorization of the Bankruptcy Court. Except as otherwise provided in this Plan, any new or amended Claim filed without the

prior approval of the Bankruptcy Court after the Confirmation Date shall be deemed disallowed in full and expunged without any action by any person.

## ARTICLE X.
## MEANS FOR IMPLEMENTING PLAN

On the Effective Date, all of the Debtor's property will re-vest in the Reorganized Debtor. All Cash necessary for the Reorganized Debtor to make payments pursuant to the Plan shall be obtained from operations of the Debtor and, potentially, a sale of the Brownwood Facility. Reorganized Debtor may issue additional equity and/or limited partnership interests as deemed reasonable and necessary in the exercise of its business judgment. Reorganized Debtor shall have full and complete authority to prosecute, settle, compromise, sell or abandon the Reserved Claims and other causes of action as it deems appropriate in its business judgment.

10.1    **Sources of Payments.**

Payments under this Plan will be made from a combination of money generated from the pre and post-confirmation operations of the Reorganized Debtor, the sale of the Brownwood Facility (if sold), the proceeds of Reserved Causes of Action and, in the discretion of the Reorganized Debtor, additional equity and/or limited partnership interests as deemed reasonable and necessary in the exercise of its business judgment.

10.2    **Effect on Mutual Release and Settlement Agreement**.

Nothing contained herein shall amend or alter the terms of that "Mutual Release and Settlement Agreement" approved by the Bankruptcy Court by Order dated April 27, 2022 [Dkt. 120].

## ARTICLE XI.
## EFFECT OF REJECTION BY ONE OR MORE CLASSES

11.1    **Impaired Classes to Vote.**

Each impaired class shall be entitled to vote separately to accept or reject this Plan. A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on this Plan may vote only in an amount equal to the portion, if any, of such Claim shown as fixed, liquidated, and undisputed in the applicable Debtor's Schedules. The Debtor reserve the right to request that the Bankruptcy Court estimate the amount of any Claim for purposes of voting on the Plan.

11.2    **Acceptance by Class.**

A class of Claims shall have accepted this Plan if this Plan is accepted by at least two thirds (2/3) in amount and more than one half (1/2) in number of the Allowed Claims of such class that have voted to accept or reject this Plan.

11.3    **Reservation of Cramdown Rights.**

In the event that any impaired class shall fail to accept this Plan in accordance with section 1129(a) of the Bankruptcy Code, the Debtor reserve the right to request that the Bankruptcy Court confirm this Plan in accordance with the provisions of the section 1129(b) of the Bankruptcy Code.

**ARTICLE XII.**
**EFFECT OF CONFIRMATION**

12.1    **Generally.**

As of the Confirmation Date, this Plan shall be binding upon the Debtor, all Claimants, and all other Persons who are affected in any manner by this Plan, subject to the occurrence of the Effective Date and the satisfaction or waiver of the conditions set forth in Article VII.

12.2    **Property.**

All property of the Estate will vest in the Reorganized Debtor on the Effective Date.

**ARTICLE XIII.**
**RETENTION OF JURISDICTION**

13.1    **Exclusive Bankruptcy Court Jurisdiction.**

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain and have such jurisdiction over the Bankruptcy Case as is legally permissible, including, without limitation, for the following purposes:

(a)    To allow, disallow, determine, liquidate, classify or establish the priority or secured or unsecured status of, or to estimate, any Claim or Equity Interest, including, without limitation, resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the allowance or priority of claims or interests;

(b)    To determine any and all applications or motions pending before the Bankruptcy Court on the Effective Date of this Plan, including, without limitation, any motions for the rejection, assumption or assumption and assignment of any Executory Contract;

(c)    To ensure that Distributions to holders of Allowed Claims are accomplished pursuant to the provisions of this Plan;

(d)    Except as otherwise provided in this Plan, to enter orders approving any requests for compensation for professional services rendered and costs incurred in connection with these bankruptcy proceedings or in connection with this Plan and incident to these bankruptcy proceedings;

(e)    To determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan or any person's obligations in connection with this Plan;

(f)     To consider and act upon the compromise and settlement of any claim or cause of action by or against the Debtor;

(g)     To decide or resolve any and all applications, motions, adversary proceedings, contested or litigated matters, and any other matters, or grant or deny any applications involving a Debtor that may be pending on the Effective Date or that may be brought by the Debtor after the Effective Date, including claims arising under Chapter 5 of the Bankruptcy Code;

(h)     To issue orders in aid of execution and implementation of this Plan to the extent authorized by 11 U. S.C. § 1142 or provided by the terms of this Plan;

(i)     To decide issues concerning the federal or state tax liability of the Debtor which may arise in connection with the confirmation or consummation of this Plan; and

(j)     To enter an order closing the Bankruptcy Case.

13.2    **Limitation on Jurisdiction.**

In no event shall the provisions of this Plan be deemed to confer the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## ARTICLE XIV.
## MISCELLANEOUS PROVISIONS

14.1    **Effectuating Documents and Further Transactions.**

The Debtor and, after the Effective Date, Reorganized Debtor is authorized, required and directed to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents and take such actions as may be reasonably necessary or appropriate to effectuate, implement and consummate the Plan without any further evidence of the terms and conditions of the Plan, the Reorganized Debtor will be heretofore and without any further need of court orders deemed to be authorized to execute any of the aforesaid documents or agreements or to take any of the aforementioned steps to confirm, implement and consummate the Plan. The Plan will be binding upon the Debtor, the holders of Claims, and the holders of Equity Interests; and the Court may issue such orders in aid of consummation of the Plan under sections 105 and 1142 of the Bankruptcy Code.

14.2    **Severability.**

In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the holder or holders of such Claims or Equity Interests as to which the provision is determined to be invalid, void or unenforceable. The invalidity, voidness or unenforceability of any such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

14.3     **Final Allowance.**

Notwithstanding anything contained above, all distributions to Classes under this Plan will only be made after the creditors in said Classes have their Claims fully fixed and allowed by the Court. However, objections on claims in one Class will not preclude distribution to creditors in other Classes where no disputes exist regarding Claims in the other Classes.

14.4     **Consummation.**

Upon the execution of the agreements and documents contemplated by this Plan and the commencement of payments, the Plan shall be deemed consummated, and this case shall be closed. Until substantial consummation occurs, the Debtor may move for and be granted modifications of this Plan.

14.5     **Distribution Agent.**

The Reorganized Debtor shall act as disbursing agent under the Plan as provided herein. The rights and duties of the Debtor shall be transferred to the Reorganized Debtor after Confirmation, so that the Debtor will receive all rights for the Debtor and be imbued and granted all the rights of a trustee in bankruptcy to pursue causes of action after Confirmation.

14.6     **Exemption from Certain Transfer Taxes and Recording Fees.**

Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from the Debtor, or any agreement regarding the transfer of title to or ownership of any of the Debtor's real or personal property, will not be subject to any document recording tax, stamp tax, conveyance fee, sales tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, and the Confirmation Order will direct the appropriate state or local governmental officials or agents to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the forgoing instruments or other documents without the payment of any such tax or governmental assessment.

14.7     **Further Authorization.**

The Debtor shall be entitled to seek such orders, judgments, injunctions, and rulings as they deem necessary to carry out the intentions and purposes, and to give full effect to the provisions, of this Plan.

14.8     **Means of Cash Payment.**

Payments of Cash made pursuant to this Plan shall be made, at the option and sole discretion of the Debtor, by checks drawn on, or wire transfer from, a domestic bank selected by the Debtor.

14.9    **Setoffs.**

The Debtor may, pursuant to applicable law, but shall not be required to, set off against any Claim the payments or other distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the Debtor or the Debtor may have against the holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such claim that the Debtor or the Debtor may have against such holder.

14.10    **Exculpation; Limitation of Liability; and Releases**

None of the Debtor, Reorganized Debtor, its counsel, or any other party in interest, or any of their respective members or former partners, general partners, members, agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns, shall be liable to any party who was served with a copy of the confirmation order prior to its entry by the Bankruptcy Court for any act or omission in connection with, relating to or arising out of the Chapter 11 Case, the negotiation and pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan (the "**Chapter 11 Activities**"), except for their acts or omissions constituting willful misconduct or gross negligence, as finally determined by a court of competent jurisdiction, and in all respects are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities in connection with the Chapter 11 Activities. No holder of a Claim, or any other party in interest, including their respective agents, employees, representatives, financial advisors, attorneys or affiliates, have any right of action against the Debtor, the Reorganized Debtor, their counsel, for any act or omission in connection with the Chapter 11 Activities, except for their acts or omissions constituting willful misconduct or gross negligence as finally determined by a court of competent jurisdiction. Nothing herein shall be construed to release any person or entity **except as may be specifically provided in this Plan,** from liability to third parties for prepetition conduct or claims, and such claims are fully retained for the purpose of this Plan.

14.11    **Default.**

Any person or entity asserting the existence of a default by the Reorganized Debtor of any provision of this Plan, including but not limited to payment default shall provide written notice of such asserted default to the Reorganized Debtor and its counsel by certified mail and e-mail, and the Reorganized Debtor shall have twenty (20) days to cure the alleged default or file a motion seeking relief from this Court.

14.12    **Amendment or Modification of This Plan.**

Subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, the Debtor reserve the right to alter, amend, or modify this Plan at any time prior to or after the Confirmation Date, including, without limitation the right to withdraw the Plan. A holder of a Claim that has accepted this Plan shall be deemed to have accepted this Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

### 14.13   Severability of Plan Provisions.

If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power, upon the request of the Debtor to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 14.14   Revocation, Withdrawal, or Non-Consummation.

The Debtor reserves the right to revoke or withdraw this Plan at any time prior to the Confirmation Date and to file other plans of reorganization. If the Debtor revokes or withdraws this Plan, or if Confirmation or consummation of this Plan does not occur, then (i) this Plan shall be null and void in all respects, (ii) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount any Claim or Class of Claims or any release contemplated hereby), assumption of executory contracts or leases effected by this Plan, and any document or agreement executed pursuant to this Plan, and no acts taken in preparation for consummation of this Plan, shall (A) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Equity Interests in, the Debtor or any other person, (B) prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor, or (C) constitute an admission of any sort by the Debtor or any other person.

### 14.15   Due Authorization by Claimants.

Each and every Claimant who elects to participate in the Distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of its Claim against the Debtor, the Distributions provided for in this Plan, and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by the Claimant under this Plan.

### 14.16   Filing of Additional Documentation.

On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be reasonably necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.  Debtor shall file and serve a notice of the Effective Date within five business days from the Effective Date.

### 14.17   Governing Law.

Except to the extent the Bankruptcy Code or the Bankruptcy Rules are applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in

accordance with the laws of the State of Texas, without giving effect to the principles of conflicts of law thereof.

14.18 **Successors and Assigns.**

The rights, benefits and obligations of any person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such person.

14.19 **Notices.**

Any notice required to be given under this Plan shall be in writing. Any notice that is allowed or required hereunder except for notice of change of address shall be considered complete on the earlier of (a) three (3) days following the date the notice is sent by United States mail, postage prepaid, or by overnight courier service, or in the case of mailing to a non-United States address air mail, postage prepaid, or personally delivered; (b) the date the notice is actually received by facsimile or computer transmission; or (c) three (3) days following the date the notice is sent.

(a) If to the Debtor, at:

Loadcraft Industries Ltd.
206A Blackburn Street
PO Box 1429
Brady, TX 76825

and to:

Waller, Lansden Dortch & Davis, LLP
Attn: Eric J. Taube, Mark C. Taylor
100 Congress Avenue, 18th Floor
Austin, Texas 78701
E-mail: eric.taube@wallerlaw.com, mark.taylor@wallerlaw.com

(b) If to the U.S. Trustee, at:

United States Trustee
Western District of Texas, Austin Office
903 San Jacinto, Room 230
Austin, Texas 78701

14.20 **U.S. Trustee Fees.**

All fees payable pursuant to Section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court at the hearing pursuant to section 1128 of the Bankruptcy Code, shall be paid on or before the Effective Date. The Reorganized Debtor shall timely file all

post-confirmation reports as required by the U.S. Trustee until this case is closed, converted or dismissed.

### 14.21  **Implementation.**

The Debtor and, after the Effective Date, Reorganized Debtor shall take all steps and execute all documents necessary to implement this Plan including but not limited to appropriate releases, purchase and sale agreements, brokerage contracts, deeds and bills of sale necessary to effectuate the provisions contained in this Plan.

### 14.22  **No admission.**

Neither the filing of this Plan, nor any statement or provision contained herein, nor the taking by the Debtor of any action to enforce and implement this Plan shall be deemed an admission by the Debtor with respect to any matter set forth herein, including, without limitation, liability on any Claim or Equity Interest or the propriety of the classification of any Claim or Equity Interest.

### 14.23  **Conflicts.**

In the event that provisions of the Disclosure Statement and provisions of this Plan conflict, the terms of this Plan shall govern.

[SIGNATURE PAGE FOLLOWS]

Dated: July 11, 2022

Respectfully submitted,

LOADCRAFT INDUSTRIES, LTD.

By: *Charles E. Hinkle*
Its: *CEO*

Respectfully submitted,

WALLER, LANSDEN, DORTCH & DAVIS, LLP

/s/ *Mark C. Taylor*
Eric J. Taube (Bar No. 19679350)
Mark C. Taylor (Bar No. 19713225)
William R. "Trip" Nix, III (Bar No. 24092902)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com
        Mark.Taylor@wallerlaw.com
        Trip.Nix@wallerlaw.com

*Attorneys for the Debtor and*
*Debtor in Possession*